IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN C. SHARP,<br><br>            Plaintiff,<br>v.<br><br>SUPERINTENDENT PHILIP L.<br>JOHNSON, ET AL.<br>            Defendants. | CIVIL ACTION NO.: 00-2156<br><br>Magistrate Judge Amy Reynolds Hay |

PLAINTIFF'S PRETRIAL STATEMENT

AND Now comes the Plaintiff, Shawn C. Sharp, by and through his attorney, Raymond N. Sanchas, Esquire and hereby files this Pretrial Statement:

**NARRATIVE STATEMENT OF MATERIAL FACTS**

Plaintiff, Shawn C. Sharp, is an inmate who has during the pendency of this action been confined at the State Correctional Institution at Pittsburgh, Pennsylvania and the State Correctional Institution at Greene. He is currently confined at the State Correctional Institution at Dallas. Mr. Sharp is a practicing member of the Muslim faith. More particularly, he is a member of the Ahlus Sunnah Community, a nationally recognized sect of the Islam religion with the Ashariyya belief. The Department of Corrections has taken the position that essentially states that the sharing of core beliefs amongst Muslims makes it justifiable to consider the Muslims as a singular faith community. The Department of Corrections has supported and allowed two separate Christian services, Catholic and Protestant, while maintaining and enforcing a policy of allowing only one form of Muslim services. Not only has the Department not afforded separate Sunni and Shia' services but they have restricted and/or prevented Plaintiff from practicing his religion in the prescribed manner. Furthermore, at the State Correctional Institution at Greene, the Department of Corrections permitted and supported the promotion of Shia' Muslim services

over Sunni services by mandating Sunni Muslims who wish to practice their religion either practice alone or attend Shia services run by an individual who publicly denigrated the Sunnis calling them false Muslims and devils who needed to be converted.

Mr. Sharp was kept in Administrative Custody, which is essentially solitary confinement, from November 30, 1999 until May 9, 2002 as a result of his refusal to cease attempting to practice his religion. He will offer testimony at trial that such confinement was done with the intent to wrongfully keep him from being able to freely exercise his religious beliefs. Plaintiff was transferred from the State Correctional Institution at Pittsburgh to the State Correctional Institution at Pittsburgh in retaliation for his refusal to cease attempting to practice his religion and also to remove him from an institution with a substantial group of Sunni Muslims to one with a much smaller group as a means of denying him the right to practice his religion.

Plaintiff has been prohibited at both the State Correctional Institution at Pittsburgh and the State Correctional Institution at Greene from practicing his religion by prison policies and practices that have no reasonable purpose such as maintaining security or avoiding reasonable expenses. Space was readily available for Sunni Muslims to hold their own services. Other members of Plaintiff's religion were ready, willing, and able to assist in the performance of such services. Rather than allow Plaintiff and those of his faith to perform their religious activities and duties, the Department of Corrections insisted on allowing only Shia Muslim services and promoted such services to the exclusion and detriment of the Sunni Muslims.

Plaintiff at both the State Correctional Institution at Pittsburgh and the State Institution at Greene has been wrongfully denied by the department of Corrections policies, personnel, and agents religious accommodations that are currently being granted to members of other faiths,

2

including the Shia Muslims. He has been denied the ability to freely exercise his religion in many ways, including but not limited to the following:

a. Mr. Sharp is not allowed to purchase head coverings that accommodate his dreadlocks.
b. Plaintiff is not permitted to participate in the fast during the month of Ramadhaan without having to sign a contract with the institution.
c. He is not provided a Hilal or Kosher meal for the feasts he celebrates. The Jewish community has regular access to these meals.
d. He and those of his religious beliefs are not given a separate service that does not include the Wahabi Muslims running the service.
e. He is not permitted Ta'leem or study time in the chapel as other Muslim groups are presently permitted.
f. He has not been granted an outside coordinator to represent him and oversee services of his faith as is presently done for other groups.
g. His Friday service is not given in Arabic by a qualified Imam of his faith. And his Friday prayers were not allowed to be held in congregation as is presently allowed for all other Muslims.

Plaintiff has endured pain, suffering, and humiliation as a result of being deprived of his right to freely exercise his religion due to the policies and actions of the Defendants.

### STATEMENT OF DAMAGES

Plaintiff suffered property losses from his term in Administrative Custody such as his art materials, canvases, and paintings. If such confinement is found to be motivated by an intent to prevent him from practicing his religion, he seeks compensation for them. He wants a new keyboard to replace one that was broken during his confinement. The specific keyboard requested is a Triton Studio keyboard which has a replacement value of approximately $2,500.00.

Plaintiff seeks damages in compensation for his having suffered violations of his right to the free exercise of his religion as protected by the First Amendment, Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act of 2000 as well as punitive

damages in an amount to be established by the fact finder. Plaintiff will demand an excess of $75,000.00.

## WITNESSES

**A. Witnesses expected to be called:**

1. Shawn C. Sharp
   #BQ8429
   SCI – Dallas
   1000 Follies Road
   Dallas, PA 18612
   Liability & Damage

2. London Linton
   #BT4978
   SCI – Dallas
   1000 Follies Road
   Dallas, PA 18612
   Liability

3. Dameon Brome
   #AS2316
   SCI - Greene
   175 Progress Drive
   Waynesburg, PA 15370
   Liability

4. Joseph E. Heckel
   224 S. Mathilda St.
   Pittsburgh, PA 15224
   412-661-7760
   Liability & Damage

5. Sheik Ghiath Alachi
   Association of Islamic Charitable Projects
   4431 Walnut Street
   Philadelphia, PA 19104-2924
   215-387-8888
   Liability & Damage

6.  Hajj Hamed
    Association of Islamic Charitable Projects
    4431 Walnut Street
    Philadelphia, PA 19104-2924
    215-387-8888
    Liability & Damage

**B. Witnesses who may be called if the need arises:**

7.  Joel S. Dickson
    169 Progress Drive
    Waynesburg, PA 15370
    724-852-2902
    Liability & Damage

8.  William S. Stickman
    2520 Lisburn Road
    Camp Hill, PA 17001-0598
    Phone: 717-975-4865
    Liability & Damage

9.  Dilshad Fakroddin
    Islamic Supreme Council of America
    1400 16th Street NW, Suite B112
    Washington, DC 20036
    Liability & Damage

10. Reverend William Terza
    Address Unknown to Plaintiff
    Liability & Damage

11. Sheikh Ghiath Ad Din Houseini
    156 Richfield Road
    Upper Darby, PA 19082
    Liability

Plaintiff reserves the right to call all parties and any witness named in the Defendants' Pretrial Statement. Plaintiff also reserves the right to call witnesses for purposes of impeachment and rebuttal.

**DOCUMENTS**

Plaintiff intends to submit various documents which are attached to pleadings already filed in this case and are hereby incorporated by reference including the Department of Corrections report A 122257, Permanent Transfer Petition, May 30, 2001 Security Review Memo, and the Official Inmate Grievance Initial Review Response. Grievance No. 2673. attached to Plaintiff's Response to Motion for Summary Judgment. Plaintiff may also be submitting copies of numerous DC – 135A and DC – 804 forms which are in the possession of the Defendants.

Defendant also intends to submit into evidence part or all of the text "The Reliance of the Traveler" by Ahmad ibn Naqib al-Misri which was taken from him by department of Corrections personnel. Such text is a manual of Islamic Law which provided documentation of the mandated religious practices which Plaintiff was attempting to perform as part of his religious practice.

Plaintiff reserves the right to offer exhibits for purposes of impeachment and rebuttal.

**LEGAL ISSUES TO BE ADDRESSED AT FINAL PRETRIAL CONFERENCE**

Plaintiff believes that all pending legal issues have already been addressed by the Court. There are no outstanding legal issues to be addressed at the final pretrial conference.

Respectfully submitted:

July 7, 2006  /s/ Raymond N. Sanchas
Date  Raymond N. Sanchas, Esquire
Counsel for Plaintiff
PA ID#33295

300 Allegheny Building
Pittsburgh, PA 15219
(412) 391-4467

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Pretrial Statement was served on the 7th day of July, 2006, on counsel of record for Defendants electronically and by first class mail, postage pre-paid, addressed as follows:

Scott A. Bradley, Deputy Attorney General
Commonwealth of Pennsylvania
Office of Attorney General – Litigation Section
Fifth Floor, Manor Complex
Pittsburgh, PA  15219


Date:   July 7, 2006                                        /s/Raymond N. Sanchas
                                                            Raymond N. Sanchas, Esquire
                                                            Attorney for Plaintiff