IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN C. SHARP, } | |
| } | |
| Plaintiff, } | |
| } | No. 00-2156 |
| vs. } | |
| } | Magistrate Judge Hay |
| SUPERINTENDENT PHILLIP L. } | |
| JOHNSON, et al., } | |
| } | |
| Defendants. } | |

**CORRECTIONS DEFENDANTS'**
**PRETRIAL NARRATIVE STATEMENT**

AND NOW, comes the Defendants by their attorneys, Thomas W. Corbett, Jr., Attorney General, Scott A. Bradley, Senior Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, Chief, Litigation Section, and respectfully submit the following PreTrial Narrative Statement:[1]

**I. STATEMENT OF FACTS**

The Plaintiff, Shawn Sharp (BQ-8429), an inmate in the custody of the Pennsylvania Department of Corrections (DOC), filed this civil rights action in 2000. Following various pretrial motions, Sharp has two claims remaining: first, Sharp alleges a violation of his First

---

[1] Plaintiff's Pretrial Statement (Doc. # 82), appears to ignore the effect of several previous court rulings in this matter. Particularly, Plaintiff includes allegations regarding his placement in Administrative Custody and a claim of retaliation with respect to his transfer to SCI-Greene. In its Order of December 28, 2004, the Court granted summary judgment in favor of the Corrections Defendants on Sharp's Eighth Amendment conditions of confinement claim and noted that Sharp had not properly raised a retaliation claim in his Second Amended Complaint. As well, despite the fact that the Court dismissed all claims of property loss, he has included such claims in his Statement of Damages. See Opinion, December 28, 2004, at pp. 1, 36-38, 38-40. Sharp also appears to raise for the first time several new claims related to accommodation of certain religious practices. Nevertheless, the Corrections Defendants will not address these issues within the present Pretrial Narrative Statement, but will, if necessary, move *in limine* at the appropriate time to exclude such evidence from trial.

Amendment Free Exercise rights and, second, Sharp submits a related claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA). These claims arise out of Sharp's confinement at the State Correctional Institution at Pittsburgh (SCI-Pittsburgh) and the State Correctional Institution at Greene (SCI-Greene).

Evidence will be offered to show that Sharp is an inmate in the custody of the Pennsylvania Department of Corrections and is currently confined at SCI-Dallas. While previously confined at SCI-Pittsburgh, Sharp was placed on Administrative Custody status on November 30, 1999, and thereafter confined in such status in that institution's Restricted Housing Unit (RHU), a segregated housing unit, because he represented a threat to the security of the institution based on incidents that had had occurred at his two prior institutions and statements attributed to Sharp regarding his intentions to breach security at SCI-Pittsburgh.

Thereafter, in May of 2001, Sharp was transferred from SCI-Pittsburgh to SCI-Greene for legitimate penological reasons –namely, the prospect of moving Sharp out of AC status and returning him to General Population– by removing him from the volatile situation that he had created at SCI-Pittsburgh. Sharp was initially continued on Administrative Custody status in the RHU at SCI-Greene. Sharp was removed from Administrative Custody status and entered into General Population at SCI-Greene on May 9, 2002.

Evidence of DOC's religious accommodation policies will be presented along with the procedures for initiating requests for recognition of a religion or religious group. Evidence will then be offered to show that neither the DOC nor any named defendant penalized Sharp for attempting to practice his professed religion. Rather, evidence will be offered to show that Sharp was considered a security threat because he attempted to organize inmates under the guise of a religious sect. Particularly, Sharp participated in or was responsible for situations at two other

State Correctional Institutions that required a significant institutional response. Evidence will show that all decisions made with respect to Sharp and his requests for religious accommodation(s) were based on his status as a threat to institutional security and was in no way based on his professed religious preference.

Evidence will also be offered to show that neither the DOC nor any named defendant prevented Sharp from practicing his professed religion. Evidence will be offered to show that there are no limitations within the DOC regarding an inmate's ability to believe and individually practice or worship according to the tenets and principles of any religious sect or denomination. Evidence will be offered with respect to the manner in which the Muslim communities at SCI-Pittsburgh and SCI-Greene were treated, and the policy of maintaining the Muslim communities at these institutions as a singular faith community for purposes of providing group worship services and religious education because of shared core beliefs and practices.

## II.  WITNESSES

In addition to the parties and the witnesses listed in Plaintiff's pretrial narrative statement, the Corrections Defendants may call the following individuals as witnesses:

1. Philip Johnson-Retired; 1938 Federal St. Ext., Pittsburgh, PA  15214 (412) 231-5973

2. Mark Krysevig; Deputy Superintendent, SCI-Fayette

3. Joel Dickson; Deputy Superintendent, SCI-Rockview

4. William Stickman; Deputy Secretary/Western Region

5. Rhoda Winstead; Superintendent, SCI-Cambridge Springs

6. William Terza; Retired; 624 Washington Ave., Charleroi, PA  15822

7. Tanko Ibrahim; Chaplain, SCI Fayette

8. Conner Blaine-Retired; 15 Laurel Leaf Court, Durham, NC  27703 (919) 598-6667

9. Paul Stowitzky; Superintendent, SRCF-Mercer

10. John Miller-Retired; 103 Lakeside View Circle, Jenkinsville, SC  29065

11. Brian Coleman; Deputy Superintendent, SCI-Greene

12. Lieutenant Dennis Fisher; SCI-Greene

13. Melvin Lockett; Deputy Superintendent, SCI-Huntingdon

14. Lieutenant John Matzus; SCI-Greene

15. Lieutenant Clarence Blakey; SCI-Fayette

16. Jean A. Mears-Retired; 15 Laurel Leaf Court, Durham, NC  27703 (919) 598-6667

17. Chaplain George J. Moneck-Retired; 105 Good St., Box 486, Roscoe, PA  15477

18. Imamm Abubakar Mohammed; Chaplain, SCI Greene

19. Rev. Ulli Klemm: Central Office, Administrator—Religion & Volunteer Services

### III.  EXHIBITS

In addition to the exhibits listed in Plaintiff's pretrial narrative statement, the Corrections Defendants may present any or all of the following:

1. All DOC policies affecting religious accommodation;

2. Inmate Handbook;

3. All related misconducts (including appeals) issued to Sharp;

4. All related grievances (including appeals) submitted by Sharp;

5. Written correspondence from Sharp to Department of Corrections staff;

6. Any and all exhibits included in the Defendants' Motions to Dismiss or for Summary Judgment.

## IV. DAMAGES

No damages are sought by the Corrections Defendants in this case.

## V. UNUSUAL LEGAL ISSUES

There are no unusual legal issues involved in this case.

## VI. LENGTH OF TRIAL

It is estimated that the trial of this case, including jury selection, will consume five trial days.

---

The Corrections Defendants reserve the right to amend or supplement this pretrial narrative statement up to and including the time of trial.

WHEREFORE, the Corrections Defendants respectfully request that the Court accept the foregoing as the Corrections Defendant's PreTrial Narrative Statement in this case.

Respectfully submitted,

THOMAS W. CORBETT, JR.
Attorney General

   s/ Scott A. Bradley
Scott A. Bradley
Senior Deputy Attorney General
Attorney I.D. No. 44627

Susan J. Forney
Chief Deputy Attorney General

Office of Attorney General
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219
Phone: (412) 565-3586
Fax:   (412) 565-3019

Date: August 7, 2006