IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN C. SHARP, } | |
| } | |
| Plaintiff, } | |
| } | No. 00-2156 |
| vs. } | |
| } | Magistrate Judge Hay |
| SUPERINTENDENT PHILLIP L. } | |
| JOHNSON, et al., } | |
| } | *Electronically Filed.* |
| Defendants. } | |

**BRIEF IN SUPPORT OF**
**CORRECTIONS DEFENDANTS' MOTION IN LIMINE**

This is a brief in support of the Corrections Defendant's motion *in limine*:

Initially, the Corrections Defendants do not intend to refer to or to utilize the Plaintiff's criminal record (whatever it may be) in any way, shape or means, including impeachment of credibility, unless the Plaintiff would misrepresent himself as not having a criminal conviction or get into it in some improper manner that would require clarification to prevent a fraud on the tribunal. Otherwise it is a closed subject. Prejudice outweighs probative worth plainly.

Similarly, it is the Corrections Defendants' intention to limit this trial to the matters presented in the Second Amended Complaint regarding the allegation of failure to accommodate his religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act while confined at SCI-Pittsburgh and SCI-Greene. Accordingly, the Corrections Defendants do not intend to offer evidence of the Plaintiff's criminal history, prior prison misconducts, prison adjustment record, prior and pending litigation against the Department of Corrections, etc. as part of its defense of this case, except to the extent necessary to explain the treatment of his requests for religious accommodation.

Consequently, the Corrections Defendants believe that the Plaintiff should correspondingly limit his case to the remaining claims of his Second Amended Complaint, *i.e.*, that he was denied religious accommodation under the First Amendment and under RLUIPA while confined at SCI-Pittsburgh and SCI-Greene, and that evidence of extraneous matters identified in Plaintiff's Pretrial Statement should be excluded as irrelevant to the issue to be tried in this case. See Fed.R.Evid. 401-404.

Plaintiff has identified several inmate witnesses who will purportedly testify, *inter alia*, about the Department of Corrections' alleged "discriminatory religious practices" and alleged "discriminatory policies and practices related to religious accommodation requests." However, because Section 1983 liability requires personal involvement of the named defendant, see, e.g., Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3rd Cir. 1988), their testimony should be limited to any action or event which affected the Plaintiff and of which they have personal knowledge. See Fed.R.Evid. Rule 602 ("Lack of personal knowledge"); Article VIII ("Hearsay").

Moreover, any testimony regarding the Department of Corrections' alleged "discriminatory religious practices" and alleged "discriminatory policies and practices related to religious accommodation requests" that were not directed to, did not involve or did not otherwise affect Plaintiff is not admissible against the Corrections Defendants. Cf. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978)(suits against a municipality under Section 1983 where the plaintiff could show "execution of a government's policy or custom ... [that] inflicts the injury" are permitted because municipal governments are "persons" for purposes of Section 1983) and Will v. Michigan Department of State Police, 491 U.S. 58 (1989)(State and its agencies and employees in their official capacity are not "persons" subject to suit under Section

1983). See also O'Hara v. Indiana University of Pennsylvania, 171 F.Supp.2d 490, 499 (W.D.Pa. 2001)(observing that United States Supreme Court limited its holding in Monell to local government units because they are not considered part of the State for Eleventh Amendment purposes)(citing Will, 491 U.S. at 70 and Vermont Agency of Natural Resources v. United Staes, 529 U.S. 765, 780-781 (2000)).

  The testimony of these inmate witnesses regarding any prior or subsequent acts of any Corrections Defendants or of any other corrections officer or official is simply not relevant to the issue to be resolved in this litigation, *i.e.*, whether the named Corrections Defendants violated Plaintiff's rights under the First Amendment or RLUIPA. See Fed.R.Evid. 404. Likewise, the Plaintiff's accounts of his prior and/or subsequent experiences in the prison system are also irrelevant and immaterial and unduly prejudicial. Fed.R.Evid. 402 and 403. This case is not about what this or other inmates claim they suffered on other occasions, or earlier or later events involving this plaintiff and other corrections officers and officials, etc. Rather, this case is about the events which occurred at SCI-Pittsburgh and SCI-Greene involving the Plaintiff's specific requests for religious accommodation and the named Corrections Defendants. All other matters identified, suggested or alluded to in the Plaintiff's Pretrial Statement are simply not relevant and should be excluded from this trial.

  Finally, evidence of dismissed claims and defendants is manifestly irrelevant and prejudicial. See Fed.R.Evid. 402 and 403. Nevertheless, Plaintiff's Pretrial Statement identifies a number of issues and claims that have been resolved by prior orders entered by this Court, including but not limited to Plaintiff's claims at the Third and Fourth Causes of Action of the Second Amended Complaint; all claims against Corrections Defendants Blaine, Stowitzky, Miller, Fisher, Lockett, Matzus and Blakey; all claims related to Plaintiff's Administrative

Custody status; all claims of retaliation; all claims related to property loss and all claims for compensatory damages. Any evidence regarding the foregoing should be precluded.

WHEREFORE, the Corrections Defendant respectfully requests that the Court grant the foregoing Motion *in Limine*.

Respectfully submitted,

THOMAS W. CORBETT, JR.
Attorney General

Office of Attorney General
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219
Phone: (412) 565-3586
Fax:    (412) 565-3019

  s/ Scott A. Bradley
Scott A. Bradley
Senior Deputy Attorney General
Attorney I.D. No. 44627

Susan J. Forney
Chief Deputy Attorney General

Date:  December 11, 2006