IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN C. SHARP, | } |
| | } |
| Plaintiff, | } |
| | } No. 00-2156 |
| vs. | } |
| | } Magistrate Judge Hay |
| SUPERINTENDENT PHILLIP L. JOHNSON, et al., | } |
| | } |
| | } *Electronically Filed.* |
| Defendants. | } |

**JOINT PROPOSED JURY INSTRUCTIONS**

AND NOW, come the Parties by their attorneys and, in addition to the Court's general or standard charges, respectfully suggest the following proposed jury instructions:

**GENERAL INSTRUCTIONS**

1. In deciding the issues of fact submitted to you, it is your duty, ladies and gentlemen, to follow these instructions. In doing so, you must take into consideration all of the instructions I have given you and not pick out any particular instruction and disregard another one. Your duty is to determine the facts from the evidence that has been produced in open court. You are to apply the facts as you find them to the law that I am giving you, and neither sympathy nor prejudice should influence you in any way. Our system of law does not permit jurors to be governed by sympathy, prejudice or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

**This proposed instruction is agreed upon by the parties.**

2. It is a principle of our system of justice that all persons stand equally before the law. You know that the Plaintiff is incarcerated. Even though he is incarcerated, he retains certain constitutional rights, as I will explain to you. You must not let your decision be influenced solely by the facts that he has previously been convicted of criminal conduct and is incarcerated.

**This proposed instruction is agreed upon by the parties.**

3. In this case several corrections officers have testified as witnesses. A corrections officer who takes the witness stand subjects his testimony to the same examination and tests that any other witness does and you should not believe or disbelieve a witness merely because he is a corrections officer. His or her testimony should be weighed just like any other witness.

**This proposed instruction is agreed upon by the parties.**

4. Simply because the plaintiff has filed a complaint, alleging that his constitutional rights were violated, does not establish any liability on the part of the defendants, nor can the filing of the complaint be considered as evidence against the defendant.

**This proposed instruction is agreed upon by the parties.**

5. There are several defendants in this action. It does not necessarily follow that, if one is liable, then the others are also liable. Each defendant is entitled to a fair consideration of his or her own defense and is not to be prejudiced by the fact, (if it should even become a fact), that you find against another defendant.

**This proposed instruction is agreed upon by the parties.**

6. The first matter of law about which I will instruct you is the applicable burden of proof. The burden of proof is a concept which you must understand to give this case

proper consideration, because a verdict cannot be based on speculation, guess or conjecture. In a civil case such as this one, the party asserting the claim or an affirmative defense, has the burden of proof of establishing the facts he or she presents or advocates by a preponderance of the evidence.

**This proposed instruction is agreed upon by the parties.**

7. The preponderance of the evidence standard means that evidence which has more convincing force when it is weighed against the evidence opposed to it. So that the fact sought to be proved is more likely so than not so. If we visualize evidence as something weighed in an ordinary balance scale and if admitted in support of a claim made by the party who has the burden of proof, the evidence that is sufficiently weighty in probative value in relation to the evidence offered in opposition to it, that it tips the scales on the side of that party, then that party has proved the claim by the preponderance of the evidence.

**This proposed instruction is agreed upon by the parties.**

8. If, on the other hand, the evidence admitted in opposition to the claim of the party who has the burden of proof by a preponderance outweighs or equally balances the evidence produced in support of the claim, then it can be said there has been a failure to carry the burden of proof imposed by law.

**This proposed instruction is agreed upon by the parties.**

9. You are the sole determiners of the credibility or believability of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness, you should consider his relationship to the plaintiff or to the defendant; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor,

fairness and intelligence; and the extent to which he has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

        **This proposed instruction is agreed upon by the parties.**

10. In deciding whether to believe a witness, you may specifically note any evidence of hostility or affection which the witness may have toward one of the parties. Likewise, you may consider evidence of any other interest or motive that the witness may have.

        **This proposed instruction is agreed upon by the parties.**

11. To prevail in this lawsuit, Mr. Sharp, the plaintiff, must sustain his burden of proving the allegations that the constitutional rights of his were violated. Mr. Sharp must satisfy this burden by a fair preponderance of the evidence, i.e., he must prove that his claims are more probable than not. In examining the evidence to determine whether Mr. Sharp has successfully carried his burden, you should not permit sympathy for either side to influence your judgment.

        **This proposed instruction is agreed upon by the parties.**

12. A witness may be discredited or impeached by contradictory evidence, by showing he testified falsely concerning a material matter or by evidence that at some other time the witness has said or done something or failed to say or do something which is inconsistent with the witness' present testimony.

        **This proposed instruction is agreed upon by the parties.**

13. If you believe any witness has been so impeached, it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you think it deserves.

**This proposed instruction is agreed upon by the parties.**

14. If you decide a witness has deliberately falsified his testimony on a significant point, you should take this consideration in deciding whether or not you believe the rest of this testimony; and you may refuse to believe the rest of the testimony, but you are not required to do so.

**This proposed instruction is agreed upon by the parties.**

**THE CIVIL RIGHTS ACT—SECTION 1983**

15. The plaintiff's claims are brought pursuant to Section 1983 of the Civil Rights Act. You are instructed that the federal civil rights statute under which the plaintiff sues, 42 United States Code Section 1983, provides that a person may seek relief in this Court by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges or immunities secured or protected by the Constitution or laws of the United States.

**This proposed instruction is agreed upon by the parties.**

16. In order to prove his claim, therefore, the plaintiff must prove by a preponderance of the evidence the following facts:

*First*, that each defendant intentionally committed acts which violated one or more of Mr. Sharp's federal constitutional rights.

*Second*, that in so doing, each defendant acted under color of the authority of the Commonwealth of Pennsylvania.

And *third*, that the acts of each defendant were the proximate or legal cause of damages sustained by Mr. Sharp.

**This proposed instruction is agreed upon by the parties.**

**PERSONAL INVOLVEMENT**

17. There are 11 defendants in this case. They are: Philip Johnson, Mark Krysevig, Joel Dickson, William Stickman, Rhoda Winstead, William Terza, Tanko Ibrahim, Brian Coleman, Jean Mears, George Moneck and Imamm Abubakar Mohammed. It does not necessarily follow that, if one is liable, then another one is also liable. Each defendant is entitled to fair consideration of his or her own defense and is not to be prejudiced by the fact, if it should even become a fact, that you find against another defendant.

**This proposed instruction is agreed upon by the parties.**

18. To be held liable for violating any of plaintiff's civil rights, each defendant must have been personally involved in the wrongful conduct.

**This proposed instruction is agreed upon by the parties.**

19. Defendants Johnson, Krysevig, Dickson and Stickman were employed in a supervisory capacity. When a prison supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained of misconduct. The supervisory officials' misconduct cannot be simply a failure to act. Further, although a supervisor cannot encourage constitutional violations, a supervisor has no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct.

**This proposed instruction is agreed upon by the parties.**

20. The supervisor must be personally involved in the alleged misconduct. To impose liability on a supervisory official there must be both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's inaction could be found to have

communicated a message of approval to the offending subordinate. The fact that the supervisor is the subordinate's boss cannot be the only basis for a finding of personal involvement in this case.

**This proposed instruction is agreed upon by the parties.**

**DEPRIVATION OF FEDERAL RIGHTS**

21. Mr. Sharp has presented two claims, both predicated on asserted deprivations of his federal rights. The first is brought under the First Amendment to the United States Constitution –made applicable to the States through the Fourteenth Amendment– which, among other things, guarantees individuals the free exercise of their chosen religion.

**This proposed instruction is agreed upon by the parties.**

22. The second claim is brought under the Religious Land Use and Institutionalized Persons Act of 2000, which is a federal law enacted by Congress to alleviate government burdens on prisoners' religious exercise and to facilitate opportunities for prisoners to engage in the free exercise of religion. See Madison v. Riter, 355 F.3d 310, 317 (4th Cir. 2003). See also Cutter v. Wilkinson, 544 U.S. 709, 713-716 (2005).

**This proposed instruction is agreed upon by the parties.**

**FIRST AMENDMENT**

23. In order to prove a violation under the First Amendment regarding a failure to accommodate a religious practice, Mr. Sharp must prove all the following elements by a preponderance of the evidence:

The plaintiff claims that while confined in the State Correctional Institution at Pittsburgh from 1999 through 2001 and while confined in the State Correctional Institution at Greene from 2001 through 2006, he was not allowed to pursue his religious

faith, Ashariyya within Ahlus Sunnah Community –a sect of Muslim or Islamic religion– in a manner comparable to the opportunity to worship afforded other prisoners who adhered to other religious precepts.

The First Amendment of the United States Constitution forbids governmental preference of one religion over another.

If you find that Mr. Sharp's ability to practice his religion was burdened, or that other religious groups were promoted or given preferential treatment, then the Defendants have the burden of justifying this denial or preferential treatment. Specifically, the defendants must establish, by a preponderance of the evidence in the case, that its restriction of plaintiff's right to free exercise of religion was reasonably related to legitimate penological objectives and interests, such as jail security, internal order, or inmate rehabilitation. There is no valid justification for giving preference to one religion over another.

In determining whether the restriction was reasonable, you may consider the following factors:

1. whether there was a valid rational connection between the restriction on plaintiff's right to free exercise of religion and the governmental interest or interests that defendants have put forward to justify the restriction; and

2. whether plaintiff had any reasonable alternative means of exercising his right to practice his religion; and

3. what impact accommodation of plaintiff's right to practice his religion would have had on DOC's personnel and resources; and

4. whether the DOC could have accommodated plaintiff's free exercise right by other obvious, easy alternatives.

If you find from your consideration of all the evidence that defendant's restriction on plaintiff's right to free exercise of religion was not reasonably related to legitimate penological interests, your verdict must be for the plaintiff. If, on the other hand, you find that the restriction was reasonably related to legitimate penological interests, your verdict must be for the defendant.

**This proposed instruction is agreed upon by the parties.**

**RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT OF 2000**

24. In order to prove the essential elements of Plaintiff's claim under RLUIPA, the burden is on Plaintiff to establish by a preponderance of the evidence each of the following:

First, Plaintiff requested a special accommodation based on his religious beliefs; and

Second, Defendants denied a special accommodation based on his religious beliefs; and

Third, this special accommodation is a sincerely held tenet or belief central or fundamental to Ashariyya doctrine; and

Fourth, Plaintiff's right to freely exercise his sincerely held religious beliefs was substantially burdened by the denial of the requested special accommodation.

A religious belief is "sincere" if it is truly held and religious in nature. While you must consider whether the religious belief is truly held, you may not inquire as to whether a particular belief or practice is "central" to the plaintiff's religion. (Cutter v. Wilkinson, 544 U.S. 709, 713-716 (2005)).

A "substantial burden" must be more than just an inconvenience. A "substantial burden" is instead government conduct that pressures the plaintiff to commit an act forbidden by his religion or prevents him from engaging in conduct mandated by his faith. Thus, for a burden on religion to be "substantial," the government regulation must compel action or inaction with respect to the sincerely held belief; mere inconvenience to the religious institution is insufficient.

However, your verdict must be for the defendants if any of the above elements has not been proved by the greater weight of the evidence or if the defendants are entitled to a verdict under the following Instruction:

Your verdict must be for defendants on plaintiff's religious exercise claim set forth above if it has been proved by the greater weight of the evidence that:

1. Defendants' denial of a special accommodation based on his religious beliefs is in furtherance of a compelling governmental interest; and

2. Defendants' denial of a special accommodation based on his religious beliefs is the least restrictive means of furthering that compelling governmental interest.

"Compelling governmental interests" may include good order, security and discipline, consistent with considerations of cost and limited resources.

The "least restrictive means" is the equivalent of "no greater than necessary" to further a compelling governmental interest.

Prison officials are accorded a degree of deference when evaluating whether the least restrictive means was used to further a compelling governmental interest.

**This proposed instruction is agreed upon by the parties.**

**PROXIMATE CAUSE**

25. If you find that the defendant violated plaintiff's constitutional rights, in order to recover against any defendant who has violated his rights, plaintiff must also prove by a preponderance of the credible evidence that the defendant's conduct was a proximate cause or substantial factor in bringing about harm to him. A substantial factor is what the law recognizes as legal cause. A substantial factor is an actual, real factor, although the result may be unusual or unexpected but it is not an imaginary or fanciful factor or a factor having no connection or only an insignificant connection with the alleged wrongful acts. If you find that the actions any of the defendants in this case had only a remote or tenuous connection to the ultimate injury of Mr. Sharp you may not find him liable for that injury.

**This proposed instruction is agreed upon by the parties.**

**QUALIFIED IMMUNITY**

26. Even if you find that any defendant(s) violated plaintiff's federal or constitutional rights, and the plaintiff suffered damages proximately caused by any such violations, that defendant would be still entitled to a verdict in his favor if you find qualified immunity.

**This proposed instruction is agreed upon by the parties.**

27. It is inevitable that corrections officers and officials will in some cases reasonably but mistakenly make a particular decision regarding inmates' religious rights. Thus, even if the First Amendment and/or RLUIPA has been violated, corrections officials are entitled to make reasonable mistakes. Corrections officials whose judgments are objectively legally reasonable cannot be held personally liable.

**This proposed instruction is agreed upon by the parties.**

28. The defendants have raised the affirmative defense of qualified immunity. Because it is an affirmative defense, the defendants have the burden of proof as to that defense and that burden is by the preponderance of the evidence. Qualified immunity prevents any defendant(s) from being held liable for violations of federal or constitutional rights where a reasonable person could have believed that the actions that caused the federal or constitutional violations were lawful in light of existing law. In other words, even though there may be, in fact, a federal or constitutional violation, a defendant is entitled to qualified immunity unless you find that a reasonably competent corrections official if placed in the same position as he or she was, would reach the same conclusion as he or she did. Because corrections officials are regularly forced to make critical decisions under extreme time pressures, decisions which may seem much easier after the fact and time for reflection has been afforded, otherwise reasonable judgments which turn out to be mistaken are nonetheless entitled to protection. In short, even if a defendant's conduct is found to violate plaintiff's federal or constitutional rights, a defendant is not liable if they acted solely from the mistake in judgment, and not knowingly with the intention of violating the plaintiff's federal or constitutional rights. Unless a reasonable corrections official in the position of one of the defendants, would have known that his or her action constituted a substantial burden on the plaintiff's free exercise of religion, he or she cannot be held liable because of qualified immunity.

**This proposed instruction is agreed upon by the parties.**

29. Indeed, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law. Therefore, if a defendant had an objectively reasonable, though mistaken, belief that the decision he or she made was lawful and necessary to

promote a legitimate penological objective, then his objectively reasonable belief would constitute a defense to the plaintiff's claim.

**This proposed instruction is agreed upon by the parties.**

30. If, after considering the scope of discretion and responsibility generally given to corrections officers in the performance of his duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time of the incident, you find from a preponderance of the evidence that plaintiff has proved either (1) that a defendant was plainly incompetent or that (2) he knowingly violated the law regarding Mr. Sharp constitutional and federal rights, you must find for the plaintiff. If, however, you find that a defendant had a reasonable belief that his or her actions did not violate the rights of Mr. Sharp, then you cannot find that defendant liable even if Mr. Sharp's rights were in fact violated as a result of a defendant's objectively reasonable action.

**This proposed instruction is agreed upon by the parties.**

**DAMAGES**

31. If you find that any of the defendants have violated Mr. Sharp's rights, then you may consider the issue of damages. In considering the issues of plaintiff's damages, you are instructed you should assess the amount you find justified by a preponderance of the evidence in full, just and reasonable compensation for all of the plaintiff's damage, no more and no less.

**This proposed instruction is agreed upon by the parties.**

32. However, simply because you are charged with respect to the damages, which are theoretically recoverable in any lawsuit, it does not imply that the Mr. Sharp is entitled to any damages or that you should find in his favor with respect to the liability of

the defendants. What I believe or what you may think I believe must not influence your decision in any way. If you find in your deliberations that none of the defendants is liable to the Plaintiff, then you need not even consider the questions of damages.

**This proposed instruction is agreed upon by the parties.**

33. The purpose of money damages for deprivation of civil rights is to compensate a person for injuries caused by the deprivation.

**This proposed instruction is agreed upon by the parties.**

34. In a civil rights case such as the present one, you cannot award damages measured by your perception of the abstract importance or value of a constitutional right. To be awarded damages, Mr. Sharp must prove a need for compensation by showing actual injury.

**This proposed instruction is agreed upon by the parties.**

35. Nominal damages are permitted under Section 1983. Nominal damages may be awarded when no actual injury of any consequence is established to make the symbolic point that the plaintiff was wronged and that society demands that constitutional rights be scrupulously observed.

**This proposed instruction is agreed upon by the parties.**

36. Mr. Sharp is seeking what is known as "punitive damages." Punitive damages are an award of money to the Plaintiff, which has as its purpose to punish a defendant for extraordinary misconduct and to deter a defendant from repeating such conduct and in addition to serve as a warning to others and to prevent others from committing such conduct. If you find that a Defendant is liable for violating Plaintiff's rights, then you may, but you do not have to, award punitive damages. You may award punitive damages only if the Plaintiff proves by a preponderance of the evidence that a

Defendant's conduct was "recklessly and callously indifferent" to Plaintiff's rights under the Constitution of the United States and/or under the Religious Land Use and Institutionalized Persons Act of 2000. However, even if the Plaintiff proves by a preponderance of the evidence that a Defendant's conduct was recklessly and callously indifferent to his rights under the Constitution or the Act, you are still not required to award punitive damages, you must also determine whether the Defendant's conduct is of the sort that calls for deterrence and punishment.

   **This proposed instruction is agreed upon by the parties.**

  37. An act or failure to act is recklessly and callously done if prompted or considered by ill will, spite or grudge, either toward the injured person or toward all persons in one or more groups or categories of which the person is a member.

   **This proposed instruction is agreed upon by the parties.**

  38. If you find that the Plaintiff has proven by a preponderance of the evidence that a Defendant was recklessly and callously indifferent to his rights and also that the Defendant's conduct was of the sort that calls for deterrence and punishment, then you may decide to award punitive damages. Punitive damages may be awarded even if the violation of Mr. Sharp's rights resulted only in nominal damages. In determining the amount of those punitive damages, you should take into consideration all of the circumstances surrounding the particular occurrence, including the nature of the wrongdoing, the extent of the harm inflicted, the intent of the Defendant and the wealth or lack of wealth of the Defendant. Punitive damages must be considered with respect to each defendant individually and based upon that Defendant's individual actions.

   **This proposed instruction is agreed upon by the parties.**

39. Whether or not to make any award of punitive and exemplary damages is a matter exclusively within the province of the jury, if you unanimously find that a defendant's acts or omissions which proximately cause actual damage to the plaintiff was recklessly or callously done, then you may award punitive damage against that defendant.

**This proposed instruction is agreed upon by the parties.**

The following instruction is propounded by the Plaintiff:

**INTEREST**

40. If, and only if, you have determined that compensatory damages should be awarded to the Plaintiff, you must also decide whether to award interest. This lawsuit was begun 6 years ago, and subsequently amended. You may award interest on the sum which you have decided is an appropriate compensatory damage award from that time of the incurring of the damage to the present. Whether you do award interest should depend upon whether you conclude that interest is necessary to compensate Plaintiff fully for any loss suffered, bearing in mind that the Plaintiff has not had the use of the damages you award during the time this litigation has been pending. If you do award interest, the actual sum will be computed by the clerk at the rate provided by law.

**This proposed instruction is not agreed upon by the parties.**

Respectfully submitted,

| | |
|---|---|
| s/ Raymond N. Sanchas | s/ Scott A. Bradley |
| Raymond N. Sanchas, Esquire | Scott A. Bradley |
| Attorney I.D. No. 33295 | Senior Deputy Attorney General |
| **Counsel for Plaintiff** | Attorney I.D. No. 44627 |
| | **Counsel for Defendants** |
| | |
| Juvenile Court Project | Office of Attorney General |
| 11th Floor, Koppers Building | 6th Floor, Manor Complex |
| 436 Seventh Avenue | 564 Forbes Avenue |
| Pittsburgh, PA 15219 | Pittsburgh, PA 15219 |
| | |
| Phone: (412) 391-4467 | Phone: (412) 565-3586 |
| | |
| Date:  December 11, 2006 | |