SCANNED

2

IN THE U.S. DISTRICT COURT

FOR THE WESTERN DISTRICT

Shawn C. Sharp | Civil Action #00-2156

    Plaintiff | Magistrate Judge Hay

    vs.

Super. Johnson et. al

**FILED**

MAY 1 8 2007

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## Plaintiff's Objections

Plaintiff seeks to dismiss counsel and objects to the denial of
the presiding Magistrate Judge's denial for the following
reasons:

1.) Plaintiff seeks to dismiss counsel for his failure to raise
claims against two previously joined defendants:
On 11-29-01, plaintiff filed a motion to join parties that
included nine additional defendants. Among these new defendants
was Jeffrey A. Beard and Western Dist. Manager Mike Knott who
were employees of the Dept. of Corrections.

Joinder was granted on 10-30-02 by then presiding Magistrate
Judge Benson per a Memorandum order dated 6-19-02. (See Docket
#32)

Subsequent to this order, counsel was appointed per a
Memorandum Order Dated 16-19-02 issued by Magistrate Judge
Benson, and provided with copies of all documents and motions
filed in the above cited matter along with all documents
currently filed as exhibits before the court. This included

letters of communication between these two defendants regarding policy within the Dept. of Corrections and their awareness of the matters now presented before the court.

To date, counsel has failed to set forth any claims raised by plaintiff against these two defendants in any petition. Plaintiff avers that he informed counsel in their meetings of his desire to do so and counsel ignored this request with no discernable legal strategy in his failure to do so. Plaintiff further avers that at no time has he ever waived any claims against the above named defendants and continues to desire to do so, nor have the parties been dismissed by any court actions for any reason.

To address this error would require that the plaintiff be permitted to amend the faulty and deficient amendments of counsel since counsel has clearly been negligent in setting forth claims against these individuals in contradiction to Magistrate Judge Hay's order dated 12-28-04 ordering counsel to state all claims raised against each individual defendant.

According to FRCP #19, Joinder of Persons needed for just adjudication: A person may be joined (and in this instance case "were" joined) pursuant to this rule. However, counsel has refused to file claims, ignoring plaintiff's repeated requests to do so.

Furthermore, plaintiff has repeatedly requested that a motion for joinder of parties at SCI Dallas who are acting in concert

with the directives of Defendants Terza & Ibrahiym be filed.
Counsel instead, in his motion Requesting a Temporary Restraining
Order/Injunction presented an argument that the plaintiff had
provided no proof of these individual's involvement, despite
plaintiff providing him and the court with grievances proving
just the opposite.

   In the grievance response it clearly shows the parties from
Dallas contacting the above named defendants for instructions on
how to procede with his Granting of a prior Religious exemption.
On the contrary, counsel actually lied and conspired with the
court to deny plaintiff his right to join said parties in
contradiction to the above cited FRCP permitting joinder when
questioned via phone conference and in his own motion by claiming
no proof of a connection and the Magistrate Judge's claim of a
lack of jurisdiction.


2.) Plaintiff seeks to remove counsel for his failure to raise
retaliation claims against all defendants:
In plaintiff's original complaint, the issues regarding
retaliation for pursuit of a Constitutional Right were clearly
raised. Counsel was made aware of this fact through consultation
with the plaintiff and as per a Memorandum Order issued by
Magistrate Judge Hay instructing him to file an amended complaint
that included the retaliation claims raised by the plaintiff in
his original complaint in a second amended petition.
   However, counsel failed to raise these claims in

contradiction to the plaintiff's requests and the presiding
Judge's order. This failure could only be due to ineptitude and
counsel has failed to provide any logical reasoning for ignoring
the Magistrate's order or for refusing to amend the complaint to
include claims of retaliation.

Plaintiff subsequently sent appointed counsel a letter
Rogatory with specific requests of action to be taken in this
case, of which one was the raising of the claims of retaliation.
Again appointed counsel took no action other than the retaliatory
measure of arguing against plaintiff in his subsequent motion for
a Temporary Restraining Order/ Temp. Injunction.

The cause of counsel's failure to act in the interest of the
plaintiff is unknown and a clear demonstration of counsels
inability to function effectively as plaintiff's representative.
Counsel's duty is to represent "all" of the plaintiff's claims
and interests before the court. The court ordered filing of the
retaliation claims as vital to the case in the advent of a
judgment in favor of the plaintiff. In the interim, counsel's
failure to address said claims will prejudice any relief granted
to the plaintiff.

3.) Counsel of Record is Ineffective for failing to file for
Discovery:

Counsel was informed on numerous occasions by the plaintiff
that he wished to file for certain items of discovery, to depose
all witnesses for the defense, and all witnesses who would be

appearing on behalf of the plaintiff, and to file interrogatories. In Brady v. Maryland, 373 US 63. 83 set 1194, 10 L.ed. 2d 215 it is clearly established that (the courts should allow party time for discovery under FRCP 56(F) where party has not had prior opportunity to conduct discovery.) See also: Benefit of Army Athletic v. Reliance Ins. 799 F2d 1382. Furthermore, Brady informs us that (Parties "must" be given ample opportunity to conduct Discovery on "state action" "before" summary judgment would be proper in a civil rights action. (( See also Hoover v. Holstan Valley Comm. Hosp. 545 F. Supp. 8.))

Plaintiff avers that at no time has counsel ever attempted to pursue any discovery or to even investigate any of the matters before this court to substantiate the plaintiff's claims.

The plaintiff even went so far as to inform counsel that under FRCP §26, the respondents would be required to submit all documents related to the action and requested that he file the proper motions to obtain said documents. Counsel ignored the plaintiff's request and failed to notify the court of the intent to acquire discovery. Plaintiff sent counsel numerous letters petitioning his counsel to notify the court of their request for discovery and counsel continued to fail to acknowledge plaintiff's requests.

Plaintiff then took the action of informing the presiding Magistrate of counsels ineffectiveness and was ordered by the court to never again address the court through anyone other than the defective counsel of whom he was actually complaining.

Plaintiff then filed the above mentioned letter Rogatory to

counsel informing him that he did not wish to proceed to trial without first filing for discovery. These requests were ignored and out of counsel's ineptitude, it is now claimed by the presiding Magistrate that the opportunity to file for Discovery has passed and the plaintiff will have to proceed to trial without being afforded the opportunity for discovery.

Because of counsel's failure, plaintiff is forced to participate in a trial proceeding ill prepared, with counsel who is ineffective and has in fact hindered any means of a competent presentation of his case before a jury. This in fact will pervert the truth determining process and prejudice the plaintiff to have to fight not only the representation of the defendants, but his own counsel, and the presiding Magistrate who have each conspired to undermine the truth determining process by their denial of certain legal remedies to which he is entitled as a matter of law.

Under FRCP #26, the plaintiff has a right to discovery. Counsel in contradiction and in an effort to undermine the plaintiff's case has failed to arrange a conference with the respondents to attempt in good faith to agree on a proposed discovery plan pursuant to FRCP #26 (f)(4) and has failed to provide any such required plan to the court or the respondents for review.

This action relies equally on witness testimony as well as documentary evidence and counsel's failure to acquire documentary

evidence leaves the plaintiff blind and unable to pinpoint actions in violation of policy or law before the court.

Counsel has failed to submit any report required in writing or orally at any conference scheduled by the court and continues to oppose any legal logic in support of not requesting such.

4.) Plaintiff seeks to dismiss counsel for giving falsified testimony to the court in his Motion for a Temporary Restraining Order/ Injunction:

Plaintiff avers that upon issuing notice to counsel of actions taken by employees of the Dept. of Corrections to revoke the Religious Grooming Exemption issued by def. Terza, plaintiff's counsel did file the requested motion, however, he stated in this motion that the plaintiff had provided no proof that the def. were actually involved in the actions of the staff at SCI Dallas.

Counsel's statement was a blatant falsification of the facts since the plaintiff sent counsel copies of grievances that he filed along with their responses which clearly named involvement of defendants Ibrahiym and Terza. These responses further showed that the plaintiff had completely exhausted "all" administrative remedies in the matter regarding his exemption along with informing him that the staff were denying the existence of said exemption even after he had forwarded them copies of documentation of it's existence issued by two separate institutions prior to his arrival at SCI Dallas.

Instead, counsel conferred with counsel for the Defendants and had them deny his due process of requesting "another" grooming exemption request until after the outcome of the case before this court. This would leave them with the opportunity to then deny plaintiff his existing exemption and leave plaintiff going through legal remedies all over again.

Furthermore, in conference plaintiff informed the presiding judge of this problem directly and counsel refused to even request the policy of the DOC that requires that an individual had to file for a religious exemption at each institution that he is transfered to when plaintiff made it clear that counsel for the defense had lied to the presiding judge in making such a fallacious claim about such non existent policy of the DOC.

This defect goes directly to the prior arguments of failure to file for discovery and failure to join the parties where counsel's inactivity in representing the plaintiff has allowed blatant fabrications to the court to be presented as statements of fact and has taken no action to even investigate arguments the plaintiff has attempted to present to the court on his behalf.

Instead, he has given the court arguments against his own client, thereby showing two diametrically opposed perceptions of how the case should be pursued, and also shows a conflict of interest since he is acting not as an agent for the plaintiff, but for the defendants instead.

This alone should merit his desired recusal, and plaintiff's desire and fervent plea to have him removed from the case since failure to do so would leave the plaintiff facing opposition in his pursuit of justice not only from the defendants, but from the appointed counsel as well.

5.) Counsel is Ineffective and should be dismissed for failing to review, interview, investigate, and depose all witnesses:

The presiding Magistrate Judge has set a date of 7-9-07 for trial on the plaintiff's action. To date counsel has failed to interview any of the witnesses, investigate any of the claims, file any interrogatories, or depose any of the witnesses either for the plaintiff or the defense.

Plaintiff has provided counsel with a list of witnesses in the matter. Counsel entered a list which does not include all of the witnesses that he is requesting be called on his behalf. In point of fact, counsel has not made contact with "any" of the potential witnesses he wishes to have called.

The matter at hand occurred at SCI Pittsburgh within a correctional facility over 5 years ago. During that time, inmates have been shipped to various other institutions and that particular facility was closed down. The plaintiff is not aware of or privy to information as to the location of certain witnesses. Any attempt to contact some of the witnesses would result in a violation of DOC policy and be subject to disciplinary action.

The duty falls to counsel to act as interceder in the matter since to effectively represent counsel he must be apprised of all testimony from potential witnesses. This is necessary to determine the most effective means of presenting the case before the court. To do so, counsel must ascertain the location of the witnesses and inquire into whether they would be willing to testify at trial for the plaintiff. Furthermore, if they are testifying on behalf of the plaintiff, it is his duty to insure that they are protected from harassment by the defendants and their co conspirator employees so that the truth determining process is not impeded. In this instance he is not even protecting the interests of his own client! Let alone the interests of his witnesses.

However, if counsel fails to ascertain the intent of the witnesses on either side and doesn't ascertain just exactly what their testimony will be in court, then he cannot present a feasible case before the court. Without depositions, interrogatories, and interviews, counsel will be proceeding in what amounts to a wanton, shoot from the hip style that may undermine the claims of the plaintiff and counsel's failure to interview the witnesses fails to amount to a legal strategy that is bonified and rational under the law.

The plaintiff avers that he has repeatedly asked counsel to take the above actions along with discovery and he has been unresponsive to all said requests.

6.) Plaintiff seeks to dismiss counsel for his failure to raise

the plaintiff's 14th Amendment claims correctly. This has
resulted in the granting of summary judgment for the defendants
because of his unwillingness to research, investigate, and raise
the "actual" claims being raised by the plaintiff:

Plaintiff avers that he specifically contacted counsel
regarding his due process claims and gave instructions as to how
he wanted these claims presented. Counsel disregarded plaintiff's
request and submitted erroneous claims and what "he" wanted in
contradiction to the claims being raised by the plaintiff's
specific instructions on the matter.

Plaintiff then forwarded a letter to counsel on 7/28/06
informing him of these errors and asking him to correct said
errors while counsel failed to act or even respond to the
plaintiff's requests. In this correspondence, plaintiff again set
out how he wanted counsel to address these issues as follows:
Excerpt from the actual letter:
(Addressing Mr. Sanchas) Here is a break down of it (my argument)
along with our claim according to each part of their (the DOC's)
policy so that we can show how it exactly was that they deprived
me of my rights:
(Excerpt Taken From Inmate Handbooks Issued By The DOC)
Part a.) The hearing shall be conducted by the program review
committee.
Now Def. Krysevich was the Deputy who initiated my lock down, and
whom it was claimed that I was going to stab with this
non-existent weapon for not allowing us to have a religious
service. Their own transfer petition alludes to this but they
also have a security file with who initiated the lock down and

who exactly I was reported to have been threatening. Look at
their own exhibits for my transfer from SCI Pitt. to SCI Green.
Now one of my claims is this:

The law says that anyone who is directly related to the
incident being reviewed cannot sit on the reviewing board. Yet
the guy accusing me is the guy reviewing me! See: Meyers v.
Alldredge 492 F2d 296, 306 (3rd Cir. 1974), Merritt v. De Los
Santos, 721 2d 598, 600-601 (7th cir. 1983) This issue was never
raised.

DOC Policy further states:
b.) The inmate shall have a hearing on the reasons for his or her
confinement.

My specific argument is that I was "never" told specifically
what I was charged with or what specific actions necessitated my
punitive confinement. (I made clear to Mr. Sanchas that this was
not brought to the attention of the court in his petition in
order for them to adequately assess whether or not the process
that was due to me was in fact given. Especially since the
mandatory language of the policy has created a liberty interest
according to Wolf v. McDonell 418 US 539 (1974). See also Baxter
v. Palmigiano 425 US 308 (1976). I also expressed the necessity
of getting a copy of the policy then in effect for purposes of an
exhibit)

I further explained in this correspondence to Mr. Sanchas 2
points that he never investigated or raised as claims to the
courts:

1.) How did I respond to a charge against me if I didn't know

what specific actions necessitated the charge?

2.) Why does it say on the transfer petition that was submitted by Def. that they wanted me to be reintegrated back into the population only to leave me locked down permanently after my transfer to SCI green?

Furthermore, I asked him to address why he never raised the issue of me being left in confinement for a weapon that I was never charged with on the original other report issued, and left in confinement on that basis even after it was established by the grievance coordinator at SCI Green that the security report which was relied upon to keep me confined was found to be baseless and had to be removed from my records?

He in point of fact has failed to raise these claims as of yet in any brief or claims. Nor did he raise the issue of Def. Major Lockette overturning the grievance to cover up for this falsified document which mysteriously was the basis for my original confinement and for which I was never charged. The above cited cases clearly state that I must be issued notice of any charges for which I am to be punished in order for Due Process requirements to have been met. This says nothing of the some evidence standard by which a person must have some viable evidence against them before they can be confined in a punitive setting. See Super. v Hill 472 US (1985); Engel v. Wendl, 921 F2d 148, 149 (8th cir. 1990)

Now I asked mr. Sanchas to also address the fact that upon discovery of Def. Deputy Stowitzky that there in fact was no longer a factual basis upon which I could be confined, why he continued to keep me in confinement. He stated, "it doesn't matter, we got a phone call two weeks before you got here here that we were never to release you to population because you pissed off Deputy Krysevigh." This alone, had he investigated and confirmed this statement would have proven the negation of an impartial tribunal being held at SCI Green in contradiction to the presiding Magistrate Judge's claim in her opinion and order. I gave Mr. Sanchas the cites of Crooks v Warne, 516 F2d 837, 840 (2nd Cir. 1975) which establishes the barring of prison officials that have already prejudged the inmates guilt prior to the hearing from the reviewing proceedings. He never raised any of this.

I continued to ask Mr. Sanchas to raise numerous other issues of Due Process that were essential to my claims, such as: That I was never given an actual hearing. A PRC review is only given "after" a hearing on the determination that an individual is found guilty of the charges against him. I was never given this at SCI Pitt. and he never made this distinction clear to the judge who assumed that the "only" requirement was a review of one's confinement which is not the case. His failure to act on this has caused the due process claims to be dismissed and didn't even file objections to this decision or file a motion requesting that the order be vacated. Instead, he lied to the plaintiff and

claimed that the plaintiff "couldn't" file the above listed
motions or appeal these decisions and the presiding judge agreed
when questioned about this matter. These actions were a direct
deprivation of appellate rights carried out by not only counsel,
but the presiding judge as well in contradiction to the FRCP.

The appointed counsel totally disregarded FRCP #72 which
governs the filing of objections within ten days and the
presiding Judge has never given this instruction in any order. In
point of fact, this leaves plaintiff with no confidence in a
judge who can be told all these facts and simply say, "That may
well be", and "Mr. Sharp you are not a person who is paying a
private attorney so you can't pick and choose how you will be
represented." These statements imply that because a person in my
circumstance does not have the financial means to pursue equity,
I don't have the rights afforded to someone who does and counsel
said nothing to disabuse plaintiff of the falsities of these
statements or even made an effort to protect the rights of the
plaintiff against such prejudicial remarks. In point of fact he
conspired with the presiding judge and their statements in an
effort to expedite the process and be done with this case rather
than pursue it to it's fullest capacity as a servant of the law.


7.) Appointed Counsel seeks to withdraw from the Plaintiff's
action, at Plaintiff's request and counsel's own evaluation of
his ability to adequately represent the plaintiff.

Throughout the proceeding, the plaintiff has attempted to aid counsel in the litigation of the action. The plaintiff has provided counsel with relevant documents and up to date case law in support of his claims, a listing of potential witnesses, requests for joinder of defendants, and other requests to efficiently pursue the action.

Counsel has found that the action is larger and more complicated than he originally believed and that his legal knowledge is insufficient regarding prison litigation to adequately assist the plaintiff in the litigation of the case. Counsel has found that his "knowledge" of relevant facts of the case are lacking and his contribution would be to the detriment of the action. Counsel admitted this in a phone conference ordered by the court and has also presented these claims according to what he has told the plaintiff although the plaintiff was not present for these presentations and counsel has been known to have lied to the plaintiff on numerous cases which makes any statements he has made suspect at best.

Counsel never the less Motioned to the court his request to be permitted to withdraw. This request was the result of an approved telephone conference authorized by the court. The plaintiff pointed out counsel's deficiencies in his representation of the action and counsel subsequently agreed that he was not adequately representing the plaintiff and suggested to withdraw. It was counsel's opinion that he did not have the adequate resources or legal means to pursue the case.

counsel has failed to provide the plaintiff with a copy of his motion to withdraw and has not been in contact with the plaintiff for some time. However, plaintiff raised his complaints to the court in the presence of the presiding judge and none of the claims presented here were denied. In point of fact, the judge herself acknowledged that even though these deficiencies in his representation may in fact exist, she wanted to proceed with the appointed counsel regardless of his defects since he was not a person able to financially pay for adequate legal representation.

The plaintiff is entitled to adequate assistance of counsel in all matters before the court. Though counsel may be court appointed, counsel has a duty to provide adequate legal defense that is competent and meets the requirements of the law.

In this matter, the question is not whether counsel has provided sufficient legal representation, it is whether counsel has the necessary skills, knowledge, ability, and resources to adequately pursue the plaintiff's claims. Through his own admission, he is unable to pursue the action to his best ability.

Both counsel and plaintiff have agreed that they were unable to come to terms with his deficient performance in the matter and agreed to part ways at the permission of the court. The plaintiff has stated numerous times that counsel has failed to adequately

perform even the simplest of duties, such as amending the
defendants through joinder where the court authorized and ordered
it through a motion filed the plaintiff prior to his appointment.

Counsel has even shown himself deficient where the Magistrate
had to instruct counsel of his duties and what he was required to
file. As cited above, counsel was instructed in an order of the
presiding judge to file an amendment including retaliation claims
raised in the plaintiff's original complaint and to date counsel
has failed to do so.

The failure of the court to remove counsel from the
plaintiff's case has left the plaintiff with a burden that is
critically injuring the plaintiff's claims in a willful and
malicious manner that has no regard for justice, impartiality, or
a desire to come to an equitable truth determining process. This
along with counsel's inability to argue the plaintiff's claims in
light of a Magistrate's order to do so, make it impossible to
believe that the court can assume that the plaintiff's claims,
interests, and arguments will be addressed. This says nothing of
any appellate claim being protected for later review when
misinformation is being given by the courts and appointed counsel
regarding the filing of objections to appeal any and all order
being issued. Therefore, counsel is ineffective and he has
demonstrated no desire to provide effective representation of
even the minimum standards.

8.) Counsel has failed to file a Motion of Joinder requested by

the plaintiff.

Plaintiff informed counsel on numerous occasions that he was requesting that a motion of joinder for new defendants at SCI Dallas be attached to the action. The plaintiff explained that individuals he was requesting be joined at SCI Dallas were acting in collusion with the defendants in the action and were now instituting and supporting the defendants discriminatory agenda. The plaintiff informed the counsel of record that defendants at SCI Dallas were in contact with the current defendants (Terra & Ibrahiym) and were using their opinions and assessments of the matter as fact to deny plaintiff his rights.

In point of fact, counsel of record contacted the Attorney General's office and conspired with them to deny the plaintiff his rights by having the DOC freeze a request for religious accommodation that he was already granted by the defendants until after this case was resolved so that parties at SCI Dallas would not be joined as defendants. This was a direct effort to deny the plaintiff his rights and under the table negotiations to keep the case simple for himself and the Attorney General who could then allow those individuals whom plaintiff seeks to join to come back after this case and continue to deny him his First Amendment right.

Plaintiff filed grievances alledging that he was granted a religious grooming exemption by two current defendants and produced copies issued by the defendants with their signature verifying such. Plaintiff was denied the existence of this

exemption although he had documents from two separate inst. verifying it's existence. The plaintiff appealed and was ordered to resubmit a request against their own policy, that state that a grant of accommodation would only be revoked upon a change in the requesties religion. As this did not happen it was outside of the DOC to revoke said exemption.

Plaintiff exhausted all administrative remedies appealing this decision and in an effort to keep from violating his religious vow, filed another accommodation request as ordered in order to maintain his exemption. Counsel then informed the Attorney general who contacted the DOC Religious coordinator and ordered him "not" to process this request, but to leave it alone until after this case was resolved since they were undermining his case.

With the administrative process at a stand still, plaintiff informed counsel that he wished to join defendants at SCI Dallas as well as the Attorney General for denial of due process and denial of a First Amendment Right. Especially since these actions were being taken in continuance of the original claims. Counsel failed to do so. Plaintiff wrote to counsel again making this request with no response. Plaintiff was forced to file a letter rogatory requested counsel to file a restraining order and counsel blatantly falsified the facts by claiming that no proof had been presented by the plaintiff to substantiate his claims when in point of fact, the plaintiff had provided copies of all administrative filings and appeals to show that he had pursued all administrative remedies.

The court itself, in conference on settlement matters had

these issues brought to their attention and claimed lack of jurisdiction to deal with these new matters or to address any new defendants. This is in contradiction to FRCP and relevant law. (See: Amerada Petroleum Corp. v. Rio Oil 225 F.supp. 907 which states. "The court must consider a party in the light of his actual interest in the controversy, whether named as plaintiff or def. for the purpose of determining jurisdiction.)

9.) Counsel has demonstrated his inability to effectively assist the plaintiff by committing grievous errors in the action:

Counsel of record has continually erred in the presentation of this action before the court by filing incorrect case law, making outdated arguments, failing to present arguments despite being instructed to do so by the court, and over all failing to consult with plaintiff.

Due to counsels inability to competently research and prepare the case while maintaining his current position at his present job, he has filed briefs haphazardly and at his whim without due consultation with the plaintiff. He has expressed to the courts on a number of occasions that this was a problem and has become evident by the above enumerated errors and blatent acts of ineptitude on the part of counsel.

He has attempted to expedite this proceeding without care or concern for the plaintiff's claims. This in consideration with the statement of the presiding Magistrate's statement to the plaintiff that because he is not an individual who has the means of paying for counsel, he cannot pick and choose what level of representation he can have. This leaves the plaintiff without adequate access to competent representation solely because of his indigence. This attitude is sanctioned by not only the appointed counsel, but by the Magistrate Judge who made this statement in conference with the plaintiff.

In point of fact, appointed counsel verbally informed the plaintiff that he was trying to expedite the case and didn't view the case in the same magnitude as plaintiff. This along with agreements made with the Attorney for the def. to forego certain procedural options afforded to the plaintiff by right of law and FRCP without consent or notification to the plaintiff until after the actions had already been carried out, has left the plaintiff feeling as if he is being speed balled through a perfunctory process that has no desire to grant equity or evaluate the claims impartially.

10.) Counsel incorrectly advised the plaintiff of his right to appeal/ object to decisions rendered by the court.

Counsel incorrectly advised the plaintiff concerning his rights in appellate procedures and his ability to appeal or even object to decisions made by the Magistrate.

The plaintiff on numerous occasions questioned counsels deficient performance which eventually amounted to the dismissal of various issues that were addressed by the plaintiff. Of particular note is counsel's failure to address the Equal Protection and Discrimination claims. These claims were either haphazardly mentioned without he substantiating facts raised in the original complaint, or ignored all together in both amended complaints.

Plaintiff continuously provided the standing case law on his claims, and directed counsel with instructions as to how these arguments should be presented.

For reasons unknown to the plaintiff, counsel ignored all of these requests and the advice of plaintiff and opted to file wanton, error filled briefs before the court on numerous occasions. Counsel also misrepresented the facts in the matter in oral arguments to the vehement objections of the plaintiff. Counsel's actions and arguments were summarily in direct opposition to the claims made in the plaintiff's original/amended action.

As a result of counsels failure to correctly address the arguments, the plaintiff was left to request that the issues at least be preserved for appeal. Counsel subsequently failed to preserve the issues for appeal, and informed the plaintiff that

he has no right or ability to appeal the dismissed claims to a higher court for review. When the presiding Magistrate was also questioned in conference regarding this matter, she also claimed that because the plaintiff had agreed to have a Magistrate oversee the proceedings, he had no avenue of appeal.

The plaintiff believed that counsel's advice was in error. In reviewing this belief, it has been discovered that this is clearly in contradiction to FRCP #73. Therefore, counsel and the Magistrate are either not versed in matters of procedure that are pertinent to this action, or have elected to undermine that process intentionally by misinforming the plaintiff of his rights.

A Magistrate's appointment is by District Judge and is part of the District Court. It is specifically designated to try cases by the District Judge. A plaintiff in such a case has the right of appeal to a District Judge or the Court of Appeals. (See: Wharton-Thomas v. US (CA3(NJ 1985 721 F2d 922)

Both the FRCP and the local rules provide the plaintiff with an option of appeal if a decision is in error. If the plaintiff states that he believes a decision is in error, the Magistrate has a duty to inform him that he has 10 days from the date of the Magistrate's opinion to file a Notice of Appeal with the District Court if seeking a review or the right to appeal the decision will be deemed waived. (See: US v. Walters 638 F2d 947)

Though the plaintiff vehemently objected to the Magistrate's
decisions, there were no appellate instructions given by either
the Magistrate or appointed counsel as to the rights afforded the
plaintiff to appellate procedure. The plaintiff presented counsel
with proofs to the errors in the decisions and presented
information regarding the misapplication of law by him and the
Magistrate. He further requested that an appeal be filed on these
ruling as well as corrections to his erroneous arguments.  He
also presented these concerns to the Magistrate who has never
informed the plaintiff that failure to object would result  in a
waiver of the right to do so.  (See Moore v. US CA 10 950 F2d
656)

Plaintiff objected to the Magistrates opinion in the
conference hearings  and requested an appeal. The Magistrate
"and" counsel ignored these requests and argued against the
contention that the plaintiff could do so as a matter of right.

The Defendants counsel, upon hearing the plaintiff's request
for an appeal never objected to the plaintiff's "right" to
appeal. The defendants maintained their silence and voice no
opposition to the plaintiff's request for an appeal knowing full
well that through this erroneous information, they would be free
from appellate review.

Through counsel's failure to adequately assist the plaintiff
in filing appeals/ objections in order to preerve the issues for
appeal, plaintiff has potentially lost valuable issues in the

matter that he could have brought up on appeal before the
District Court. Counsel's refusal to adequately assist the
plaintiff and the Magistrates erroneous instructions have
therefore corrupted the plaintiff's action and prejudiced the
procedings of the case sufficiently to undermine any future truth
determining process.

Wherefore, plaintiff requests that the court grant the following
relief:

1.) Recusal of counsel as per his "and" plaintiff's request.

    Plaintiff seeks to proceed Pro Se without the assistance of
any other counsel rather than be forced to accept current counsel
as a matter of right.

2.) Recusal of the current presiding Magistrate due to conflicts
of interest manifested not only by her own statements concerning
indigent individuals right to competent counsel, but because she
lied in informing the plaintiff along with appointed counsel in
continuing to claim that the plaintiff could not appeal any of
her orders and opinions in contradiction to FRCP §72.

3.) Plaintiff further seeks to vacate the dismissal of any claims
in her Summary Judgment opinion/ order. This being filed as a
Nunc Pro Tunc request since counsel failed to file said requested
motion.

4.) Plaintiff requests that he be permitted to amend his
complaint to raise all claims in the original action as he had
specifically requested to do so. This is necessary to correct the

inept and erroneous filings of appointed counsel.

5.) Plaintiff requests a rescheduling of the trial proceeding in to allow him adequate time to file for discovery "prior" to the filing of an amended complaint. This would include transcribed Deposition, Production of requested documents, interrogatories, etc. from the defendants and plaintiff's witnesses.

6.) The plaintiff seeks to have the vacation of Defendant's motion in Limmine since the plaintiff is raising claims of discrimination that are the standard policy of the DOC. He seeks to show a pattern of conduct that is intrinsically applied only to those of the Islamic faith and not to those of other faiths. He also seeks to show that this practice is not exclusive to himself, but reflective of a sanctioned policy of discrimination carried out by an agency of the US Government in contradiction to the principles set forth in the US Constitution.

7.) The plaintiff requests a Joinder of Parties be granted including defendants at SCI Dallas as well as the Religious Coordinator for the DOC. who establishes and upholds policy.

8.) Plaintiff seeks to Object to the current presiding Magistrate Judge's contention that she does not have jurisdiction to permit the above mentioned joinder when FRCP #20 clearly contradicts said claims.

Furthermore, plaintiff seeks to withdraw the authority granted to permit a Magistrate Judge to oversee the proceedings

at hand, and herein withdraws all Power of Attorney to act on his
behalf.

I swear and affirm that the facts stated herein are true and
correct to the best of my knowledge under penalty of perjury this
14th day of May, 2007.

I further swear and affirm that a true and correct copy of this
filing has been forwarded to the following parties via U.S. Mail
on the 15th day of May, 2007.

1.) Raymond Sanchas
    Suite 300
    Allegheny, Bldg.
    429 Forbes Ave.
    Pitt., Pa. 15219

2.) Office of the Attorney General
    6th Floor, Manor Complex
    564 Forbes Avenue
    Pittsburgh, Pa. 15219

3.) Clerk of Courts for
    United States District Court
    For the Western District
    of Pennsylvania
    **819 U.S. Post Office and Courthouse**

Pittsburgh, Pa. 15219

Shawn C. Sharp #BQ-8429

SCI Dallas

1000 Follies Road

Dallas, Pa. 18612

cc: File