IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN C. SHARP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 00-2156 |
| ) | |
| SUPER. JOHNSON, et al., ) | Judge Cercone |
| ) | Magistrate Judge Hay |
| Defendants. ) | |

MEMORANDUM ORDER

The original Complaint in this matter was filed on July 18, 2001. In summary, the claims now remaining to be tried are that while incarcerated at the State Correctional Institutions at Pittsburgh and Greene, defendants denied Plaintiff his right to the free exercise of his religion, as prohibited by the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000.

Plaintiff avers that he is a practicing member of the Muslim faith. More particularly, he is a member of the Ahlus Sunnah Community (Sunni), a nationally recognized sect of the Islam religion with the Ashariyya belief. He alleges that the Department of Corrections supports and allows two separate Christian services, Catholic and Protestant, while maintaining a policy of allowing only one form of Muslim services, Shia Muslim services. Further, he asserts that the Department of Corrections mandates that Sunni Muslims who wish to practice their religion either practice alone or attend Shia services, which do not permit Sunni Muslims to practice their religion in the prescribed manner and which are lead by an individual who publicly denigrated the Sunni Muslims, calling them false Muslims and devils who needed to be converted.

Plaintiff moved the Court for appointment of counsel on December 13, 2001. The Court

took the motion under advisement and ultimately, on June 13, 2002, granted the motion. Thereafter, pursuant to the Court's program with the Allegheny County Bar Association which, upon the Court's request, seeks to provides *pro bono* counsel for indigent prisoners in civil rights cases, the Court sought voluntary counsel. On August 2, 2002, Raymond Sanchas, Esquire, accepted the appointment and has represented plaintiff ever since.

Following the appointment of counsel, the parties consented to having the case decided by a Magistrate Judge and the case then proceeded through motions and discovery to the filing of pretrial statements in July and August of 2006. The Court conducted a Pretrial Conference with counsel for the parties on August 22, 2006, and set the case for trial for January 8, 2007. Thereafter, Plaintiff's counsel requested and was granted a postponement of trial due to scheduling difficulties.

On December 29, 2007, Attorney Sanchas filed a motion to withdraw as counsel. Sanchas indicated that plaintiff had demanded that Sanchas withdraw his appearance as soon as possible. Plaintiff further instructed Sanchas not to file anything or appear on his behalf since Plaintiff was terminating the relationship, advising that his dissatisfaction with the legal services provided by Sanchas could not be reconciled. Sanchas advised Plaintiff that leave of Court was required before Sanchas could terminate his representation.

The Court convened a conference on January 3, 2007, at which time the Court took the motion to withdraw under advisement upon the suggestion of the parties that settlement discussions might prove fruitful. The Court ordered Plaintiff to continue to confer with Sanchas pending any decision on the motion to withdraw. Thereafter, settlement discussions occurred between Plaintiff and Sanchas and several settlement conferences with the Court were held, with

Plaintiff's full participation (by telephone).  Ultimately, the parties were unable to resolve the dispute.

On April 18, 2007, after an apparently cooperative, *albeit* unsuccessful, venture toward settlement, this Court denied Mr. Sanchas's motion to withdraw as counsel and set a new trial date.  Plaintiff verbally objected and requested an appeal to the District Judge.  This Court informed Plaintiff that because the parties had consented to have the case tried by a Magistrate Judge there was no right of appeal to the District Judge on the ruling denying withdrawal.  Nevertheless, this Court provided Plaintiff with the opportunity to submit his written objections, which the Court agreed to review to determine whether to reconsider counsel's motion to withdraw.

On May 18, 2007, Plaintiff filed his Objections.  In general, Plaintiff complains that Mr. Sanchas did not raise certain claims that Plaintiff asked him to pursue, that Sanchas did not properly conduct discovery or prepare for trial, and most notably, Plaintiff accuses Mr. Sanchas of making false representations to the Court.[1]  It is not feasible on the record presently before the Court to undertake a full review of each individual objection.  For the reasons set forth below, it would not be productive to conduct a hearing and make a complete record on them.[2]

In response to Plaintiff's Objections, Mr. Sanchas has renewed his request to withdraw as

---

[1] Plaintiff has not provided the Court with any evidentiary support for any of these claims.  Notably, as concerns the claim that Mr. Sanchas misrepresented the state of the evidence relating to Plaintiff's claims of harassment by SCI-Dallas with SCI-Greene's involvement, even if Plaintiff had offered the documentary evidence he claims would have supported his Motion for a Temporary Restraining Order, this Court would have reached the same decision, i.e., to deny the motion because Plaintiff had a remedy - - to file a civil action in the Middle District of Pennsylvania, where SCI-Dallas is located and where the alleged harassment was occurring.

[2] Accordingly, the Court cannot sustain these Objections.

3

counsel for Plaintiff.  Although this Court most certainly does not share Plaintiff's opinion of the quality of the legal services provided by Mr. Sanchas, because it is abundantly clear from the tenor of Plaintiff's Objections that a level of animosity has arisen which is serious and apparently irreconcilable, the Court must grant Mr. Sanchas's request.

Within the Objections, which the Court permitted Plaintiff to file solely to address the issue of counsel, Plaintiff has taken the liberty to make certain "requests" rather than file appropriate motions.  Specifically, Plaintiff has requested (1) that the Court vacate its Order granting partial summary judgment in favor of Defendants and dismissing Plaintiff's third and fourth causes of action; (2)  that he be permitted to amend his complaint to correct "inept and erroneous" filings of appointed counsel; (3) that the Court re-open discovery and post-pone trial; (4) that the Court vacate its ruling on Defendants' Motion in Limine; and (5) that the Court grant joinder of defendants from SCI-Dallas - - all of which are hereby DENIED.

Plaintiff has also requested that this Court disqualify itself from proceeding with the case, which will be addressed by separate Order.

Plaintiff has also requested permission to withdraw his consent to have the case tried before a Magistrate Judge.  The authority to rule on this request lies with the District Judge.

As concerns the motions at hand, the following Order is hereby entered:

AND NOW, this 13th day of June, 2007, upon consideration of Plaintiff's Objections (Dkt. [112]), which the Court will treat as a motion for reconsideration of the Motion for Leave to Withdraw Appearance, IT IS HEREBY ORDERED that the motion for reconsideration is GRANTED, the Court's previous Order denying the Motion for Leave to Withdraw is VACATED and the Motion for Leave to Withdraw (Dkt. [99]) is now GRANTED.  IT IS

FURTHER ORDERED that Plaintiff shall proceed to trial *pro se*.

IT IS FURTHER ORDERED that trial in this case is set for October 16, 2007.

/s/ *Amy Reynolds Hay*
United States Magistrate Judge

cc: Shawn C. Sharp
BQ8429
SCI-Dallas
1000 Follies Road
Dallas, PA 18612

All counsel of record by Notice of Electronic Filing