IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN C. SHARP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 00-2156 |
| | ) | |
| SUPER. JOHNSON, et al., | ) | Judge Cercone |
| | ) | Magistrate Judge Hay |
| Defendants. | ) | |
| | ) | RE: Dkt. [112] |

MEMORANDUM ORDER

The Plaintiff has requested that the undersigned recuse herself "due to conflicts of interest manifested not only by her own statements concerning [an] indigent individual[']s right to competent counsel, but because she lied in informing the plaintiff ... that the plaintiff could not appeal any of her orders and opinions in contradiction to FRCP #72." Plaintiff's Objections (Dkt. [112]), p. 26 at paragraph "2.)."

The applicable federal recusal statute provides, in pertinent part, that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a).[1] " 'The test for recusal under Section 455(a) is whether a reasonable person, with knowledge of all the facts,

---

[1] The other federal recusal statute is not applicable here. Section 144 of Title 28, United States Code, which requires recusal where a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [the affiant] or in favor of any adverse party," applies only to district judges. As well, the "conflict of interest" recusal set forth in 28 U.S.C. § 455(b)(1) is not applicable here. That subsection provides for disqualification where the judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Section 455(b)(1) requires that to be disqualifying, the bias or prejudice must stem from an extrajudicial source, i.e., from outside the judicial proceeding at hand. See Liteky v. United States, 510 U.S. 540, 545(1994). Plaintiff does not assert an extrajudicial source of bias or prejudice but, rather, points to rulings and statements made in the instant case.

would conclude that the judge's impartiality might reasonably be questioned.' " United States v. Wecht, 484 F.3d 192, 213 (3d Cir. 2007)(quoting In re Kensington International Ltd., 353 F.3d 211, 200 (3d Cir. 2003)). For purposes of disqualification pursuant to Section 455(a), "it does not matter whether the ... judge actually harbors any bias against a party or the party's counsel ... because § 455(a) concerns not only fairness to individual litigants, but, equally important, it concerns 'the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted.' " Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 162 (3d Cir. 1993)(quoting In re School Asbestos Litigation, 977 F.2d 764, 776 (3d Cir. 1992)). "To achieve its highest function, justice must satisfy the appearance of justice." Id. (citation and internal quotation marks omitted).

As the Third Circuit has noted, in assessing a judge's impartiality,

[the] judge ... must be alert to avoid the possibility that those who would question [the judge's] impartiality are in fact seeking to avoid the consequences of his expected adverse decision. Disqualification for lack of impartiality must have a *reasonable* basis. Litigants ought not have to face a judge where there is a reasonable question of impartiality, but they are not entitled to judges of their own choice.

Id., quoting H.R.Rep. No. 1453, 93d Cong., 2d Sess., Reprinted in (1974) U.S.Code Cong. & Admin. News, pp. 6351, 6355. Moreover, it is well established that "judicial rulings alone almost never constitute a valid basis for a bias or partiality." United States v. Grinnell Corp., 384 U.S. 563 , 583 (1966).

By way of background, in 2002, the Court granted Plaintiff's request and appointed counsel to represent him. Thereafter, the parties agreed to have the undersigned hear and decide the case on consent. The case proceeded through motions and to a pretrial conference on August

22, 2006, in which Plaintiff participated by telephone, and at which the Court set the case for trial on January 8, 2007.  On December 20, 2006, Plaintiff filed a Motion for Temporary Restraining Order, seeking to have the Court enjoin conduct of individuals within the Department of Corrections who were located in the Middle District of Pennsylvania where Plaintiff is now incarcerated and who were not parties to the instant suit.  The Court denied the motion. Thereafter, on December 29, 2006, Plaintiff's counsel received a letter from Plaintiff demanding that counsel withdraw his appearance and not bother to appear at the upcoming status conference due to Plaintiff's "dissatisfaction" with the legal services being provided to him by his *pro bono* counsel.  Dkt. [99], ¶ 4.  That same day, counsel filed a Motion for Leave to Withdraw, noting therein that he had previously advised Plaintiff that leave of court was required before he could withdraw and that, absent such an Order, he was required to attend an upcoming status conference, set for January 3, 2007.

Following the January 3, 2007 conference, this Court issued a Hearing Memo that contained the following "statement" about which Plaintiff now complains:

> The Court will take under advisement the Motion for Leave to Withdraw Appearance as counsel for the plaintiff.  We note that counsel was not hired by the plaintiff but, rather, was appointed by the Court upon plaintiff's motion, well over four years ago.  Accordingly, since it is the Court who must decide the issue, further consideration of the matter is required.  In the interim, plaintiff shall confer with his present counsel until the Court is able to resolve the motion.

Dkt. [101].  The Memo also noted that it appeared that time to address settlement of the case would be in the best interests of the parties.  Id.

No reasonable person, with knowledge of all the facts, could conclude from the above noted "statement" that the Court's impartiality might be questioned.  The statement simply

reflects that the Court felt the motion deserved further consideration and, because there was the suggestion by the parties that settlement discussions might prove beneficial, the Court took the motion under advisement and required the Plaintiff to continue to confer with his counsel until the motion could be decided.  In fact, Plaintiff and his counsel did confer over the course of nearly four months in an attempt to resolve the litigation.  Further, the Court ultimately granted the motion for leave to withdraw when it became apparent that there was an irreconcilable conflict.  Accordingly, impartiality cannot reasonably be questioned here.[2]

As noted, the parties engaged in settlement discussions over the course of nearly four months, with Plaintiff's active participation with his court-appointed counsel.  Nevertheless, the parties were unable to settle the matter.  Because the attorney-client relationship appeared to have been mended, given the efforts of both plaintiff and his counsel during the settlement discussions - - some of which were conducted with the Court's assistance - - and because counsel felt that the conflict which caused him to file the motion to withdraw had abated, this Court denied the motion to withdraw as counsel on April 17, 2007, in a Hearing Memo as follows.

> The Motion for Leave to Withdraw Appearance [dkt. no. 99] is DENIED.
> Plaintiff registered his verbal objection to the Court's ruling on said motion and in order to provide him with the opportunity to submit a written objection, which would not otherwise be available since this is a consent case, it is ORDERED that

---

[2] It should be noted that there is no absolute right to appointed counsel in a civil case.  Watson v. Moss, 619 F.2d 775, 776 (8th Cir. 1980). "It of course follows there is no constitutional or statutory right to effective assistance of counsel in a civil case." Id.  Moreover, even in the criminal context, where a defendant enjoys the absolute right to effective assistance of counsel under the Sixth Amendment, "[n]ot every difference over trial strategy creates an irreconcilable conflict." Lemelle v. Pliler, 215 Fed. Appx. 592, 593 (9th Cir. 2006)(quoting Brookhart v. Janis, 384 U.S. 1, 8 (1966)(Harlan, J., dissenting in part)( "[A] lawyer may properly make a tactical determination of how to run [a case] even in the face of his client's incomprehension or even explicit disapproval.")).

> on or before May 17, 2007, Plaintiff shall submit to the Court, with a copy to his counsel and defense counsel, any specific allegations of ineffectiveness of counsel to demonstrate why the Court should reconsider its ruling on the motion.

Dkt. [109]. Plaintiff complains that, in response to his request to appeal to the district court this Court's denial of counsel's motion to withdraw, this Court "lied" by stating he had no such right. Plaintiff references Rule 72 of the Federal Rules of Civil Procedure.

In a case where a pretrial matter has been referred to a Magistrate Judge, Fed.R.Civ.P. 72 provides for an appeal to the district court. Although Plaintiff's case was initially referred to the undersigned, the parties later consented to have this Court hear and decide the case (Dkt. [59]), which, thus, provided Plaintiff with the right for an appeal to be taken from a judgment entered by a Magistrate Judge directly to the United States Court of Appeals for the Third Circuit. 28 U.S.C. § 636(C) and Fed.R.Civ.P. 73. Because the denial of the motion to withdraw did not result in a judgment, Plaintiff had no immediate right of appeal to the Third Circuit. Rather, he may pursue his argument on this denial at the appropriate time, i.e., after judgment is entered in the case. Moreover, the Court provided Plaintiff with the opportunity to submit Objections, which the Court was not required to do, and which the Court reviewed and treated as a motion for reconsideration of the motion for leave to withdraw. The Court concluded that the motion should now be granted and entered an Order accordingly. Therefore, no reasonable person, with knowledge of all the facts, could conclude from the above that the Court's impartiality might be questioned.

For the above stated reasons, IT IS HEREBY ORDERED this 21st day of June, 2007, that Plaintiff's motion for recusal is DENIED.

/s/ *Amy Reynolds Hay*
United States Magistrate Judge

cc:  Shawn C. Sharp
BQ8429
SCI-Dallas
1000 Follies Road
Dallas, PA 18612

All counsel of record by Notice of Electronic Filing