IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN C. SHARP, | } |
| | } |
| Plaintiff, | } |
| | } No. 00-2156 |
| vs. | } |
| | } Judge Cercone |
| SUPERINTENDENT PHILLIP L. | } Magistrate Judge Hay |
| JOHNSON, et al., | } |
| | } |
| Defendants. | } |

**CORRECTIONS DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION TO WITHDRAW TO CONSENT
TO JURISDICITON OF MAGISTRATE JUDGE**

AND NOW, come the defendants, Johnson, Krysevig, Dickson, Stickman, Winstead, Tursa, Ibrahiym, Blain, Stowitzky, Miller, Coleman, Fisher, Lockett, Matcus, Blakey, Mears, Moneck and Muhammed, by their attorneys, Thomas W. Corbett, Jr., Attorney General, Scott A. Bradley, Senior Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, Chief Litigation Section, and hereby respond to Plaintiff's motion to withdraw consent to jurisdiction of Magistrate Judge:

1. Plaintiff initiated this action by filing a *pro se* civil rights complaint (Doc. #10) on or about November 2, 2000, asserting therein several claims against Pennsylvania Department of Corrections employees assigned to the State Regional Correctional Institution at Pittsburgh Plaintiff's claims are generally related to allegations that prison officials were interfering with his ability to practice a particular religious sect of the Muslim faith.

2. Plaintiff filed a Motion for Appointment of Counsel (Doc. # 31), which eventually resulted in Raymond Sanchas, Esquire, agreeing to represent Plaintiff in this matter. See (Docs. #31, 42, 43).

3. Thereafter, the parties respectively executed Consents to the Exercise of Jurisdiction by a United States Magistrate Judge, evidencing their consent to the exercise of civil jurisdiction over the case by a magistrate judge, as authorized by Title 28, U.S.C. § 636(c). See (Doc. # 59). On March 18, 2004, such consent was memorialized by Order entered by the Honorable Arthur J. Schwab, District Judge, and the case was referred to Magistrate Judge Amy Reynolds Hay and she assumed jurisdiction over the case. Id. Judge Hay thereafter handled all pre-trial matters and eventually scheduled the case for trial. See (Docs. # 85, 97, 101).

4. Nevertheless, during the resolution of various pre-trial matters, it became apparent that Plaintiff was dissatisfied with his counsel and sought to terminate Attorney Sanchas as his lawyer, and moved to have Magistrate Judge recuse herself. See (Docs. # 99-100, 109, 112, 114, 115).

5. Additionally, Plaintiff has moved to withdraw his consent to the jurisdiction of Magistrate Judge Hay, (Doc. # 112).

6. The standard for review of such a motion has been stated as follows:

> Once a civil case has been referred to a magistrate judge for disposition, a party does not have an absolute right to withdraw consent. Rather, the reference may be withdrawn only if the district court, on its own motion, finds good cause to do so, or, on motion by a party, under extraordinary circumstances.

Rivera v. Rivera, 216 F.R.D. 655, 659-660 (D.Kan. 2003)(footnotes omitted)(citing, *inter alia*, 28 U.S.C. § 636(c)(4) and Fed.R.Civ.P. 73(b)).

7. Initially, the record shows that Plaintiff consented to jurisdiction by Magistrate Judge Hay. Although Plaintiff did not himself sign the consent form, his counsel did so on Plaintiff's behalf, on February 23, 2004. See (Doc. # 59). This is sufficient to establish Plaintiff's consent. See Frank v. County of Hudson, 962 F.Supp. 41 (D.N.J. 1997). See also Howlett v. School Board of City of Norfolk, 2001 WL 34047321, *3 (E.D.Va. 2001)(several courts "have

overwhelmingly held that an attorney may consent on behalf of a party to proceed before a magistrate judge, and that the consent is binding on the party")(citing cases).

8. Moreover, at no point in the several years that Magistrate Judge Hay has presided over this case did Plaintiff object to her jurisdiction or indicate that he had not consented to her jurisdiction. Accordingly, the consent was validly given. See Howlett, supra ("It would not be appropriate to allow a party to stand silent while their case is heard and ruled upon by a magistrate judge, and then when they are displeased with the outcome, to allow them a new hearing due to their assertion that they did not consent to proceed before a magistrate judge").

9. Yet, because the record shows that his consent was validly given –and because it his motion– Plaintiff must show "extraordinary circumstances" to justify the withdrawal of such consent at this point. However, Plaintiff has offered no justification whatsoever for his requested withdrawal of consent. See (Doc. # 112). To the extent that his reasons in support of his recusal motion are intended to support this motion, they too fail to evidence the requisite extraordinary circumstances. Indeed, as Magistrate Judge Hay's opinion on the recusal motion reflects, there is no basis in law or fact that would require her recusal under the circumstances and any allegations of bias and prejudice are unfounded. See (Doc. # 115). Thus, because Plaintiff's allegations were not sufficient to support recusal of Magistrate Judge Hay, they are likewise not sufficient to establish the extraordinary circumstances needed to support his request to withdraw his consent to Magistrate Judge Hay's jurisdiction over this case.

10. Accordingly, Plaintiff's attempt to withdraw his consent should be rejected.

WHEREFORE, the Corrections Defendants respectfully request that the motion filed by Plaintiff be denied.

                          Respectfully submitted,

                          THOMAS W. CORBETT, JR.
                          Attorney General

| Office of Attorney General |   s/ Scott A. Bradley |
|---|---|
| 6th Floor, Manor Complex | Scott A. Bradley |
| 564 Forbes Avenue | Senior Deputy Attorney General |
| Pittsburgh, PA 15219 | Attorney I.D. No. 44627 |
| Phone: (412) 565-3586 | Susan J. Forney |
| Fax:   (412) 565-3019 | Chief Deputy Attorney General |

Date: July 26, 2007