IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT

SHAWN C. SHARP

PLAINTIFF

vs,                                             No. 00-2156

SUPERINTENDENT JOHNSON, et al.,                 Judge Cercone

DEFENDANTS                                      Magistrate Judge Hay

PLAINTIFF'S SATEMENT OF REBUTTAL
--------------------------------

And now comes the plaintiff, Shawn C. Sharp, and hereby responds to the defendants response to Plaintiff's Motion to Withdraw Consent to Jurisdiction of Magistrate Judge.

1. Plaintiff did file this action pre se on or about November 2, 2000, asserting therein several claims of violations of his Constitutional rights by employees of the Dept. of Corrections.

2. Plaintiff requested the assistance of counsel which eventually resulted in the appointment of Raymond Sanchas Esq.

3. Thereafter, "Counsel" consented to the Exercise of Jurisdiction by a U.S. Magistrate Judge and the case was referred to Magistrate Judge Amy Reynolds Hay.

4. Plaintiff thereafter had numerous conflicts with counsel taking it upon himself to file erroneous motions without the

sanction of plaintiff and "against" plaintiff's wishes. This included the allowance of Magistrate Judge Hay taking Jurisdiction over the case.

5. Plaintiff was asked by Judge Hay to attempt to settle this case before disposing of the issues at conflict with the appointed counsel. Therefore, plaintiff remained silent in the hopes that an informal resolution could be reached and made a good faith attempt to comply with the judge's request to see if resolution could be reached prior to addressing the issue of counsel's ineptitude in handling his case and raising the claims therein.

6. When it was made clear by the defendants that they had no desire to even attempt informally resolving the issues raised in the complaint, plaintiff then renewed his desire to have counsel removed from his case because of blatant conflicts of interest. However, Magistrate Judge Hay ignored these conflicts and went into a racist tirade about plaintiff's inability to pay for counsel and that due to his incarceration did not have the right to competent counsel because of the fact that he was a young black male with no money who did not have the right to complain about counsel's ineptitude. This resulted in plaintiff literally cursing the judge out because of her racist statements where she clearly exemplified her view that one in my current condition was not entitled to equal protection under the law like any other citizen who does have financial means to pursue justice.

7. It is furthermore, plaintiff's contention that she blatantly

lied and falsified a court memo that she makes reference to in her denial of plaintiff's objections. In it she denies that she made the statements cited above and tried to clean up her racist words by claiming to have explained certain legal nuances to the plaintiff about what he is entitled to by law in a polite and professional manner which the plaintiff avers was anything but that. She is a liar plain and simple and the plaintiff has no confidence in her not simply because of any adverse judgment, but because she is in point of fact a racist and has made it abundantly clear that as long as she is presiding over this case, I will not be afforded the process due to me while she is presiding.

8. Furthermore, she has denied the plaintiff his "right" to address the errors of ineffective counsel to undermine the case and refuses to allow the plaintiff the right to pretrial discovery in order to hamper the presentation of facts on behalf of the plaintiff.

9. Most importantly, the plaintiff would bring to the courts attention "again" that 2 defendants (Jeffrey A. Beard, and Mike Knott) who were clearly joined on the date of 10-30-02 by Magistrate Judge Benson have file no responses to the claims set forth in the instant case or rebutted any claims made by the plaintiff. As the Counsels filing does not list them as individuals that they themselves are representing, the plaintiff moves this court to grant all claims raised against these individuals since they have failed to respond. This has been an

ongoing pattern and Magistrate Hay has also continued to allow these defendants to not have to respond to "any" of the claims raised as she has never addressed this issue and has refused to do so. This clearly mandates summary judgement against these denfendants due to their failure to respond in any of these matters and have never been dismissed after their joinder by Judge Benson.

10. This shows "her" inability to be fit to preside where any reasonable adjudication on her part will be prejudicially motivated and vindictive to say the least since she has made clear her intent "not" to be fair. In point of fact, when plaintiff made clear to the Judge via letter that the defendants coworkers were harrassing him in retaliation for pursuing the above cited claims, she gave the plaintiff a direct order not to ever address her again even after it was made clear that counsel refused to bring these matters to her attention on his behalf.

11. So as it is clearly stated in the respondants answer that the plaintiff did not grant authorization of Magistrate Hay to preside over the case, but in fact was granted by a lawyer he was trying to have removed from his case as evidenced by Judge Hay's own response to Plaintiff's Objection, the court should grant relief as this is extraordinary in the extreme.

Wherefore, the plaintiff respectfully requests that the motion filed by the plaintiff be granted.

Respectfully submitted,

Shawn C. Sharp

Plaintiff

*/s/ Shawn Sharp*

Proof of Service

I do swear and affirm that the undersigned has forwarded via US mail, a true and correct copy of the attached documents to:

Scott Bradley, Esquire

Susan J. Forney

Office of The Attorney general

Sixth Floor, Manor Complex

564 Forbes Ave.

Pittsburgh, Pa.

15219

and

Judge David Stewart Cercone

United States District Court

Western District of Pennsylvania

Suite 7270, U.S. Post Office & Courthouse

700 Grant Street

Pittsburgh, Pa. 15219

On this 9th Day of August, 2007.