IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHAWN C. SHARP, )
 )
       Plaintiff, )
 )
vs. ) 2:00cv2156
 ) Electronic Filing
SUPERINTENDENT JOHNSON, et al. )
 )
       Defendants. )

## MEMORANDUM ORDER

AND NOW, this 30th day of August, 2007, upon due consideration of pro se plaintiff's motion to withdraw consent to proceed before a magistrate judge, which the court has construed as being part of plaintiff's "objections" of May 18, 2007 (Doc. No. 112), defendants' response in opposition to the motion (Doc. No. 117), and plaintiff's reply brief to defendant's response and in further support of the motion (Doc. No. 120), IT IS ORDERED that the motion to withdraw consent be, and the same hereby is, denied.

Plaintiff's implicit suggestion that he never affirmatively consented to proceed before a magistrate judge is sufficiently undermined by the record. Through counsel, plaintiff consented to the jurisdiction of a magistrate judge on March 19, 2003. See Do. No. 59. The magistrate judge presided over the case for years without objection or complaint from plaintiff, making numerous rulings and conducting a number of conferences. Such circumstances are more than sufficient to establish valid consent on plaintiff's behalf. See Frank v. County of Hudson, 962 F. Supp. 41, 43 (D.N.J. 1997) (" Rather, the general rule that an attorney has the authority as an agent to bind a client on actions taken within the scope of the attorney's authority applies, and an attorney's consent to proceed before a magistrate judge is sufficient under the statute.") (citing Freeman v. Petsock, 820 F.2d 628, 629 (3d Cir.1987)). And any question as to counsel's authorization to exercise that authority and plaintiff's awareness of its exercise is sufficiently removed by the subsequent development of the case. Compare id. (A plaintiff's active

participation in the case before the magistrate judge for a substantial period of time and failure to object to the reference until the eve of trial provides probative circumstantial evidence that counsel validly expressed the authority to consent).

Where valid consent has been exercised, withdraw of that consent may be granted only "for good cause shown on [the court's] own motion, or under extraordinary circumstances shown by any party." 28 U.S.C. § 636(c)(4).  Plaintiff's apparent dissatisfaction with proceeding before a magistrate judge surfaced over three years after consent was given, and then only after disputes with counsel arose concerning plaintiff's belief that certain additional claims should have been further pursued and discovery should have been conducted differently, counsel's motion to withdraw was denied and the case was set for trial. But mere dissatisfaction with the scope of the case after completing its pretrial development and judicial rejection of an attempt to interject new matters into the case on the eve of trial cannot sustain a party's burden of demonstrating that consent should be withdrawn. Cf. Carter v. Sea Land Services, Inc., 816 F.2d 1018, 1020-21 (5th Cir. 1987) (upholding denial of motion to withdraw where record indicated motion was " transparent ploy for delay" and refusing to "accept the slippery-slope invitation to read into the statute a rule that would allow a party to express conditional consent to a reference, thereby obtaining what amounts to a free shot at a favorable outcome or a veto of an unfavorable outcome [because] [a]ny such rule would allow the party to hold the power of consent over the magistrate like a sword of Damocles, ready to strike the reference should the magistrate issue a ruling not quite to the party's liking."). Such "fast and loose toying with the judicial system" is not to be countenanced. Id. ; see also United States v. Mortensen, 860 F.2d 948, 950 (9th Cir. 1988), cert. denied, 490 U.S. 1036 (1989) (proper to consider undue delay in seeking withdrawal and potential delay and disruption presented by such a request in exercising discretion over such a motion).

Finally, there is not one shred of evidence to support plaintiff's ad hominem attack on the character of the magistrate judge or his baseless allegations concerning the propriety of any prior

rulings. In fact, an accurate review of the record indicates the magistrate judge has presided over the case with unquestionable integrity and been nothing less than forthright and unbiased in attempting to assist the parties in resolving their differences. In light of such circumstances all that can be said with accuracy is that there is good cause to deny plaintiff's effort to play fast and loose with the judicial system.

*David Stewart Cercone*
David Stewart Cercone
United States District Judge

cc: Shawn C. Sharp
BQ - 8429
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

Scott Bradley, Esquire
Susan J. Forney, Esquire
Office of the Attorney General
Sixth Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219