IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN C. SHARP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 00-2156 |
| | ) | |
| SUPER. JOHNSON, et al., | ) | |
| | ) | Magistrate Judge Hay |
| Defendants. | ) | |
| | ) | |

PRETRIAL INSTRUCTIONS FOR *PRO SE* PLAINTIFF

By previous Order of Court, Dkt. [114], this case is set for a non-jury trial beginning on October 16, 2007. Testimony concerning two claims will be heard at trial. At Count I of the operative complaint, Dkt. [67], Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983 that the Defendants' policies and practices violated his right to practice his religion as a Sunni Muslim as guaranteed by the 1st and 14th Amendments to the United States Constitution. At Count II, Plaintiff claims that the Defendants have imposed a substantial burden on his religious exercise in violation of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc.

No testimony will be received concerning any claim previously dismissed by the Court or concerning any alleged misconduct or impropriety by any Defendant against whom claims have been dismissed; this would specifically including Plaintiff's claims at Counts III and IV in the Second Amended Complaint; all claims against Defendants Blaine, Stowitzky, Miller, Fisher, Lockett, Matzus and Blakey; all claims related to Plaintiff's Administrative Custody status; all claims of retaliation; all claims related to property loss; and all claims for compensatory damages. See Dkt. [109].

Plaintiff has identified the following witnesses as those to be called at trial:

1. Shawn C. Sharp

2. London Linton
   #BT4978
   SCI-Dallas

3. Dameon Brome
   #AS2316
   SCI-Greene

4. Joseph E. Heckel
   224 S. Mathilda Street
   Pittsburgh, PA 15224

5. Sheik Ghiath Alachi
   Association of Islamic Charitable Projects
   4431 Walnut Street
   Philadelphia, PA 19104-2924

6. Hajj Hamed
   Association of Islamic Charitable Projects
   4431 Walnut Street
   Philadelphia, PA 19104-2924

7. Anthony Deloatch
   #BH7546
   SCI-Dallas

8. John Blount
   #BJ3672
   SCI-Dallas

9. Troy Calhoun
   #AS2316
   SCI-Dallas

10. Anthony Wallace
    #FF7414
    SCI-Dallas

Plaintiff has indicated that the inmate witnesses named above witnessed certain actions taken against him. Additionally, Plaintiff has indicated that these witnesses will also testify as to how the two groups – Sunni and Shia – practice their religion differently and the discriminatory practices of the Defendants. In this regard, the Court has already ruled that the following testimony will <u>not</u> be permitted: general testimony regarding the Department of Corrections' alleged discriminatory religious practices and discriminatory policies and practices related to religious accommodation requests that were not directed to, did not involve or did not otherwise affect the Plaintiff. <u>See</u> Dkt. [109]. As well, the Court may exclude relevant evidence "if its probative value is substantially outweighed by ... considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Rule 403, Federal Rules of Evidence. Plaintiff requested that the testimony of inmate witnesses be presented through videoconferencing and that request is hereby granted.

It is Plaintiff's responsibility to secure the presence of any non-prisoner witnesses listed above. In order to secure the attendance of non-prisoner witnesses, the party must serve on those witnesses a trial subpoena, together with the fee for one day's attendance (currently, $40.00), <u>see</u> 28 U.S.C. § 1821(b), and the mileage allowed by law (currently, 48½ cents per mile), <u>see</u> 18 U.S.C. § 1821(c). Fed.R.Civ.P. 45(b)(1). The statutory provision governing *in forma pauperis* status does not provide a waiver of the witness fees and allowances requirement of Section 1821. <u>See</u> <u>Canady v. R.L. Kreider</u>, 892 F.Supp. 668, 669-70 (M.D.Pa. 1995), <u>aff'd by Canady v. Love</u>, 74 F.3d 1225 (3d Cir. 1995)(Table)("We hold, then, that there is no statutory provision authorizing a federal district court to waive or provide for payment of the witness fees required

3

by § 1821(a), and so a litigant proceeding *in forma pauperis* is required to tender witness fees as provided in § 1821 to effect service of subpoenas under Rule 45(b)(1)").

SO ORDERED this 5th day of September, 2007.

                                      /s/ *Amy Reynolds Hay*
                                      United States Magistrate Judge

cc:    Shawn C. Sharp
       BQ8429
       SCI-Dallas
       1000 Follies Road
       Dallas, PA 18612

       Scott A. Bradley, Esq.
       Susan J. Forney, Esq.
       by Notice of Electronic Filing