IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN C. SHARP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 00-2156 |
| | ) | |
| SUPER. JOHNSON, et al., | ) | |
| | ) | Magistrate Judge Hay |
| Defendants. | ) | |
| | ) | |

<u>MEMORANDUM ORDER</u>

Plaintiff has submitted correspondence *ex parte* to the Court concerning trial matters, which this Court has ordered to be docketed as a request for clarification of trial procedures. Accordingly, the Defendants will receive a copy of Plaintiff's correspondence/request through the electronic case filing system. No response by the Defendants is required, however, since the request for clarification is GRANTED and the following clarification will be ordered:

1.  Plaintiff's request to add three additional witnesses to his witness list is DENIED except that, to the extent that he can provide the Court with an appropriate proffer of the testimony sought from Defendant Coleman, the Court will consider such proffer. At present, Plaintiff has not offered a summary of the testimony to be elicited from Defendant Coleman in connection with the Plaintiff's case-in-chief and, hence, the Court cannot determine at this juncture whether the testimony sought would be permissible. Plaintiff has indicated only that Defendant Coleman reviewed tapes of a purportedly offensive/discriminatory sermon. Plaintiff has not detailed what, if any, action Defendant Coleman took or failed to take thereafter that might prove to be relevant to his case.

2.  Plaintiff expresses uncertainty as to the witnesses and evidence he may present at

trial. Plaintiff filed a Pretrial Narrative Statement and a Supplement thereto, Dkt. nos. [82] and [87], a copy of each is included herewith. They contain the list of witnesses and documents that may be offered at trial in his case-in-chief, subject to compliance with the Rules of Evidence and Federal Rules of Civil Procedure.

   3. Plaintiff requests that he be permitted to address the matter of his grooming exemption at the trial of this matter. As has been addressed with the parties on several occasions, the grooming exemption is not at issue in this case and, therefore, no testimony, evidence or argument on this matter will be permitted.

   4. Plaintiff will be permitted to present evidence to clarify the differences between the Sunni sects, subject to compliance with the Rules of Evidence and Federal Rules of Civil Procedure.

   5. Plaintiff has indicated some confusion as to how to secure the testimony of his witnesses. The Court refers Plaintiff to the Court's Pretrial Instructions dated September 5, 2007, Dkt. [122], a copy of which is included herewith, which has addressed this matter in clear detail.

   SO ORDERED this 2nd day of October, 2007.

                 /s/ *Amy Reynolds Hay*
                 United States Magistrate Judge

cc: Shawn C. Sharp
   BQ8429
   SCI-Dallas
   1000 Follies Road
   Dallas, PA 18612
   with attachments: Dkt. nos. [82], [87], [88], [122]

   All counsel of record by Notice of Electronic Filing