IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SHAWN C. SHARP,<br><br>Plaintiff<br><br>vs.<br><br>Superintendent JOHNSON, et al.,<br><br>Defendants | Civil Action No. 00-2156<br>Magistrate Judge Amy Reynolds Hay<br><br>Dkt. [130] |

## MEMORANDUM ORDER

Shawn C. Sharp ("Plaintiff") is a prisoner proceeding pro se, who has filed a civil rights lawsuit against Department of Corrections officials. Trial is scheduled to commence on Tuesday, October 16, 2007. On October 3, 2007, Plaintiff filed an affidavit of bias, Dkt. [130], seeking to have me recused from the case pursuant to 28 U.S.C. § 144.[1] Section 144 provides in relevant part that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

---

[1] Previously, Plaintiff filed pro se, a motion seeking my recusal, Dkt. [112], which I construed as a motion to recuse pursuant to 28 U.S.C. §455(a). By order entered June 22, 2007, I denied the motion. Dkt. [115].

28 U.S.C. § 144. Contrary to the apparent language of the statute, the mere filing of such an affidavit does not require the recusal of the judge against whom it is filed. Behr v. Mine Safety Appliances Co., 233 F.2d 371, 372 (3d Cir. 1956) ("[T]he mere filing of the affidavit does not automatically disqualify the judge. He has authority to decide whether the claim of bias is legally sufficient."). Rather, the judge against whom it is filed has a duty to review the affidavit to determine its legal sufficiency. Id.; Green v. Murphy, 259 F.2d 591, 593 (3d Cir. 1958)("[T]he judge against whom an affidavit of bias and prejudice is filed under Section 144, must himself pass on the legal sufficiency of the facts alleged"). In passing on the legal sufficiency of the affidavit, certain principles are well settled. First, the judge is presumed to be impartial and a substantial burden is imposed on the party filing an affidavit of prejudice to demonstrate that the judge is not impartial. U. S. v. International Business Machines Corp., 475 F.Supp. 1372 (S.D.N.Y. 1979), aff'd, 618 F.2d 923 (2d Cir. 1980); U.S. v. Zagari, 419 F.Supp. 494 (N.D.Cal. 1976). Second, in reviewing the affidavit for legal sufficiency, the judge accepts as true the facts alleged in the affidavit but not any conclusions, and based on those facts, as opposed to conclusions, the judge must determine whether those facts are sufficient to warrant recusal. Zagari, 419 F.Supp. at 501. Third, to be legally sufficient to require disqualification, the affidavit must state facts sufficient to convince a reasonable person that the judge possesses bias or prejudice in the matter. Hodgson v. Liquor Salesmen's Local 2 of New York, 444 F.2d 1344, 1348 (2d Cir. 1971); Curry v. Jensen, 523 F.2d 387 (9th Cir. 1975). Fourth, the bias must be personal as opposed to judicial. U.S. v. Dansker, 537 F.2d 40, 53 (3d Cir. 1976)("[A] trial judge need only recuse himself if he determines that the facts alleged in the affidavit, taken as true, are such that they would convince a reasonable man that he harbored a **personal**, as opposed to a

2

judicial, bias against the movant."). "Personal bias" which will disqualify a judge means an attitude of extrajudicial origin; a mere showing of prior judicial exposure to the present parties or questions is insufficient. Lyons v. U. S., 325 F.2d 370 (9th Cir. 1963), criticized on other grounds by, U.S. v. England, 347 F.2d 425 (7th Cir. 1965); United States v. Mitchell, 377 F.Supp. 1312 (D.D.C. 1974) aff'd, 559 F.2d 31 (D.C.Cir. 1976) (bias or prejudice as basis for disqualification of judge must have originated from extrajudicial sources and bear directly on the then current proceeding).[2] See also In re Shimer, 215 Fed.Appx. 149, 150 (3d Cir. 2007)("Shimer does not rely on any extra-judicial partiality (i.e., one arising from something other than events occurring during judicial proceedings).").

Instantly, in the affidavit of bias, the first complaint Plaintiff makes is that I made remarks about the fact that Plaintiff had no right to complain about the conduct of his appointed counsel given that Plaintiff was not paying for his counsel and that I refused to remove appointed counsel from the case. This fails to be legally sufficient for two reasons. First, it does not evince **personal** bias against Plaintiff. Second, I granted Plaintiff's motion to have counsel withdraw.

Next, Plaintiff notes that during a phone conference with me and others, he became angry and uttered a vulgarity directed to me to engage in a sexual act, I then warned him about being

---

[2] I correct here a prior misstatement, i.e., that Section 144 applies only to District Court judges, implying that it did not apply to Magistrate Judges. See Dkt. 115 at 1 n.1. While there is authority for the proposition that Section 144 applies to District Court judges only, those statements were made, for the most part, in cases involving bankruptcy judges. See, e.g., Ginger v. Cohn, 255 F.2d 99, 99-100 (6th Cir. 1958)("The statute in express terms applies only to a district judge."); In re Medrano Diaz, 182 B.R. 654, 658 (Bankr. D. Puerto Rico 1995)("it is well settled that the former [i.e., Section 144] applies only to district judges excluding all other judiciary officers."). There is clear authority for applying Section 144 to Magistrate Judges, especially when they are sitting by consent to try the case, as is the circumstance here. See, e.g., Payne v. E.E.O.C., Casellas, 242 F.3d 390 (Table), 2000 WL 1862659 (10th Cir. 2000) (applying Section 144 to Magistrate Judge who was sitting by consent of the parties).

found in contempt but he continued to engage in uttering the vulgarity and so I terminated the phone conference. He contends that since this incident I have become more prejudiced against him by refusing to produce my bond and a copy of my oath of office.³ He further complains that I would not allow him to present his case to a jury.

    None of these allegations is legally sufficient. As to the vulgarity, even where a litigant makes a death threat against a judge, and the judge becomes aware of it, such is not sufficient to warrant recusal. See, e.g., U.S. v. Hairston, 38 Fed.Appx. 884, 886 (4th Cir. 2002). If a death threat is insufficient, *a fortiori*, a mere vulgarity uttered in anger is surely insufficient. Such vulgarities and even worse, threats, occur with sufficient frequency in judicial proceedings that reasonable minds could not conclude that under the circumstances of this case, the vulgarity uttered suffices to establish personal prejudice against Plaintiff, especially given that the evidence of such prejudice that Plaintiff points to simply involves my denial of Plaintiff's frivolous motion for me to produce certified copies of my oath of office and my non-existent bond and my ruling that Plaintiff waived his right to a jury trial by failing to timely request a trial by jury. Adverse rulings are simply not sufficient to establish personal bias, especially when those rulings are not even debatable. Willis v. Freeman, 83 Fed.Appx. 803, 805 (7th Cir. 2003)("Willis's [recusal] motions were premised entirely on his own belief that the judge's adverse rulings evidenced her bias . . . that kind of speculative personal opinion was inadequate to obligate the court to further explore Willis's allegations. We presume that 'judges rise above

---

³ On September 20, 2007, Plaintiff filed a motion "To Produce Bond and Oath of Office," Dkt. [124], in which he requested that I produce to him certified copies of my oath of office and proof of bond, the latter of which I was not required to post. On September 25, 2007, I denied the motion. Dkt. [127].

any potential biasing influences,' Tezak v. United States, 256 F.3d 702, 718 (7th Cir. 2001), and though adverse rulings like those Willis complains about may provide a basis for appeal, 'judicial rulings alone almost never constitute a valid basis' [sic] for a recusal motion,' Grove Fresh Distrs., Inc. v. John Labatt, 299 F.3d 635, 640 (7th Cir. 2002) . . . . Willis's motions were properly denied.")(some citations omitted)); Shimer, 215 Fed.Appx. at 150 ("'[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion' and 'only in the rarest circumstances evidence the degree of favoritism or antagonism required' for disqualification.") (citing United States v. Likety, 510 U.S. 540, 555 (1994)); Loranger v. Stierheim, 10 F.3d 776, 780 (11th Cir.1994) ("[A]s a general rule, a judge's rulings in the same case are not valid grounds for recusal.")(citing Berger v. United States, 255 U.S. 22, 31 (1921)).

 Nor does the fact that I warned Plaintiff about being in contempt for his vulgar remarks or the fact that I terminated the conference call in the face of Plaintiff's continuing such behavior suffice under the law to warrant recusal. See Shimer, 215 F.3d at 151 ("[J]udicial remarks ... that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.").

 Having performed my duty to review the factual allegations of the affidavit, which for present purposes are accepted as true, to test their legal sufficiency, I conclude that the facts are insufficient to convince a reasonable person that I possesses a personal bias or prejudice against the Plaintiff. Accordingly, I will fulfill my duty to preside in this case. See, e.g., Edwards v. U.S., 334 F.2d 360, 362 n.2 (5th Cir. 1964) ("It is a judge's duty to refuse to sit when he is disqualified but it is equally his duty to sit when there is no valid reason for recusation.")(cit. omitted)); U. S. v. Hall, 424 F.Supp. 508, 534 (W.D. Ok. 1975)("[I]t is the duty of a judge not to

permit the use of a motion or affidavit of prejudice as a means to accomplish delay and otherwise defeat the orderly administration of justice.") (cits. omitted), aff'd, 536 F.2d 313 (10th Cir. 1976)).

Hence, the following order, denying Plaintiff's motion to recuse pursuant to 28 U.S.C. § 144 is entered.

AND NOW, this 15th day of October 2007, IT IS HEREBY ORDERED that Plaintiff's affidavit of bias pursuant to 28 U.S.C. § 144, construed as a motion to recuse pursuant to that section, is DENIED.

/s/ *Amy Reynolds Hay*
United States Magistrate Judge

cc:  Shawn C. Sharp, by mailing to:
BQ8429
SCI-Dallas
1000 Follies Road
Dallas, PA 18612
(Additional hard copy to be provided in court at trial of the action on October 16, 2007)

All counsel of record by Notice of Electronic Filing